[No. 5697-0-III. Division Three. June 5, 1984.]

HELEN MAICKE, *as Personal Representative, Appellant,* v. RDH, INC., ET AL, *Respondents.*

*Larry C. Stephenson, Joseph A. Ramirez,* and *Ramirez & Ramirez,* for appellant.

*R. F. Monahan* and *Roach, Votendahl & Monahan,* for respondents.

THOMPSON, J.—This is an appeal from a judgment on a jury verdict in a wrongful death action.

Daniel Wurtz and two companions spent an evening at the Steak Out Restaurant, an establishment owned by RDH, Inc. During the evening, Mr. Wurtz and his compan-

ions were involved in several disturbances with other patrons and employees of the restaurant. Stuart Cartier, an I.D. checker/bouncer at the restaurant, was advised to keep an eye on Mr. Wurtz. Mr. Cartier obtained a large knife from the kitchen and placed it near his post. A physical confrontation broke out and Mr. Cartier stabbed Mr. Wurtz in the back with the knife six times. Mr. Wurtz died shortly thereafter and Mr. Cartier was convicted of second degree manslaughter. *State v. Cartier,* 28 Wn. App. 1046 (1981) (conviction affirmed by unpublished opinion).

Mrs. Helen Maicke, the decedent's mother and personal representative of his estate, brought this wrongful death action against RDH, Inc., and Mr. Cartier. The jury found that RDH was not negligent because Mr. Cartier was not acting within the scope of his employment. It found Mr. Cartier was negligent and awarded $40,000 damages, which was reduced to $10,000 because of contributory negligence. We affirm.

Mrs. Maicke first contends the court erroneously admitted evidence of Mr. Wurtz' criminal record.

■■ The court allowed evidence of the victim's felony convictions on two counts of second degree burglary on the theory it was relevant to future earning capacity. Evidence is relevant if it has a tendency to establish a theory or disprove testimony of an adversary. *Lamborn v. Phillips Pac. Chem. Co.,* 89 Wn.2d 701, 575 P.2d 215 (1978). The question of relevancy rests with the sound discretion of the trial court. *Lamborn v. Phillips Pac. Chem. Co., supra.* The admission or rejection of evidence is also discretionary. *Maehren v. Seattle,* 92 Wn.2d 480, 599 P.2d 1255 (1979), *cert. denied,* 452 U.S. 938 (1981). The court could reasonably believe the prior convictions for burglary were relevant. *Cf. Fleming v. Seattle,* 45 Wn.2d 477, 275 P.2d 904 (1954) (allowed proof of decedent's prior convictions for drunkenness in a wrongful death action—evidence relevant to damages). We find no abuse of discretion in allowing this evidence. In addition, this evidence was used to rebut plaintiff's evidence of Mr. Wurtz' fine character. A trial

court's ruling on the admissibility of evidence may be sustained on alternative grounds, *Thomas v. French,* 99 Wn.2d 95, 104, 659 P.2d 1097 (1983).

Mrs. Maicke's next argument pertains to the admission of evidence of Mr. Wurtz' reputation for violence. Reputation of character evidence is governed by ER 404(a):

> Evidence of a person's character or trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion . . .

However, as indicated by the comment to that rule:

> Rule 404 does not permit the admission of circumstantial character evidence in civil cases. Under rules 404 and 405, evidence of character is admissible in a civil case only if the person's character is actually in issue. Previous Washington law is in accord. 5 R. Meisenholder, Wash. Prac. §§ 2, 3 (1965 Supp.).

*Accord,* 5 K. Tegland, Wash. Prac., *Evidence* § 108, at 260 (2d ed. 1982). By presenting evidence tending to show Mr. Wurtz was a hard worker, intended to be married, and tried to improve himself with further education, plaintiff put Mr. Wurtz' character in issue. The trial court properly allowed defendant to present evidence to rebut the evidence presented by plaintiff.

Next, Mrs. Maicke assigns error to the submission of evidence of the effect of income taxes on future earnings. She also contends one of her proposed instructions would have cured the error. The trial court allowed RDH to cross–examine Mrs. Maicke's economic expert concerning income taxes. The testimony amounted to statements Mr. Wurtz had paid taxes of about 7 percent and that taxes were not taken into account in figuring future earnings because they were not considered personal expenses. This was error.

*Hinzman v. Palmanteer,* 81 Wn.2d 327, 501 P.2d 1228 (1972) held it was improper to include income tax as a deduction when figuring lost earning capacity of a decedent. This is the majority rule, *see* Annot., *Propriety of Taking Income Tax Into Consideration in Fixing Damages in Per-*

*sonal Injury or Death Action,* 16 A.L.R.4th 589 (1982), although the trend may be to the contrary. *See, e.g., Norfolk & W. Ry. v. Liepelt,* 444 U.S. 490, 62 L. Ed. 2d 689, 100 S. Ct. 755 (1980). The *Hinzman* court noted if extremely high income is involved, income taxes might be a concern. High income is not present here. *See Boeke v. International Paint Co. (Cal.),* 27 Wn. App. 611, 620 P.2d 103 (1980) (income of $20,000 per year not high enough). *Hinzman* did not involve admitting evidence of income taxes. However, if it is inappropriate to consider income taxes, evidence of income taxes must be excluded to avoid confusing the jury. Thus, the court erred in allowing the evidence and further erred in refusing the proposed instruction:

> In considering damages to the estate of Daniel Wurtz, you are instructed not to consider income taxes in any manner.

This instruction would have cured the error.

 It must next be determined if the error was harmless. "[E]rror is not prejudicial unless, within reasonable probabilities, the outcome of the trial would have been materially affected had the error not occurred." *State v. Tharp,* 96 Wn.2d 591, 599, 637 P.2d 961 (1981). Here, the evidence of income taxes was minimal and counsel did not argue income taxes to the jury. We find the error was harmless.

The fourth issue raised is whether the trial court should have granted a directed verdict as to the liability of RDH, the employer. Mrs. Maicke asserts there can be no question that Mr. Cartier was acting within the scope of his employment and therefore RDH was liable under the doctrine of respondeat superior. At least two cases have affirmed verdicts against bar owners for tortious acts of their bouncers. *See Westerland v. Argonaut Grill,* 185 Wash. 411, 55 P.2d 819 (1936); *Manzanares v. Playhouse Corp.,* 25 Wn. App. 905, 611 P.2d 797 (1980). Certainly, had the jury found Mr. Cartier was acting within the scope of his employment, there would be no basis to reverse. However, whether the

court should have granted a directed verdict is a far different issue.

A motion for a directed verdict admits the truth of the nonmoving party's evidence and all reasonable inferences drawn therefrom. *Rasor v. Retail Credit Co.,* 87 Wn.2d 516, 554 P.2d 1041 (1976).

> The trial court has no discretion and may grant the motion only where there is no competent evidence nor reasonable inference which would sustain a jury verdict in favor of the nonmoving party. If there is any justifiable evidence upon which reasonable minds might reach conclusions that sustain the verdict, the question is for the jury.

*Levy v. North Am. Co. for Life & Health Ins.,* 90 Wn.2d 846, 851, 586 P.2d 845 (1978); *see also Cherberg v. Peoples Nat'l Bank,* 88 Wn.2d 595, 564 P.2d 1137 (1977).

Here, there was testimony Mr. Cartier was told to avoid physical contact with patrons and call the police if necessary. Mr. Robert Hanson, owner of RDH, testified that specific instructions were given to each I.D. checker/bouncer that no physical contact should occur. Although an abuse or excessive use of authority does not necessarily relieve a master of liability, this evidence, if believed, suggests Mr. Cartier had abandoned his master's business purpose. *See Kuehn v. White,* 24 Wn. App. 274, 600 P.2d 679 (1979). A question of scope of employment is usually one for the jury. *Kuehn,* at 280–81; *Kyreacos v. Smith,* 89 Wn.2d 425, 572 P.2d 723 (1977). Because there was evidence Mr. Cartier had exceeded the scope of his employment, the court's denial of a directed verdict was proper.

Mrs. Maicke's final assignment of error concerns the court's failure to direct a verdict against defendant employee Mr. Cartier. Mr. Cartier was convicted of second degree manslaughter in a prior criminal proceeding; thus, the court should have directed a verdict on the issue of his negligence because of collateral estoppel. *See Kyreacos v. Smith, supra; Seattle–First Nat'l Bank v. Cannon,* 26 Wn. App. 922, 615 P.2d 1316 (1980). However, the jury found

Mr. Cartier was negligent. Therefore, any error was harmless.

The judgment of the trial court is affirmed.

MUNSON, C.J., and GREEN, J., concur.

Review denied by Supreme Court September 21, 1984.