[No. 14286-1-I. Division One. October 28, 1985.]

Safeco Insurance Company of America, et al,
*Respondents*, v. Thomas F. McGrath, Jr.,
et al, *Appellants*.

Williams, J., concurs in the result only.

*Culp, Dwyer, Guterson & Grader, William L. Dwyer,* and *Kathleen Albrecht,* for appellants McGrath.

*Schroeter, Goldmark & Bender* and *Leonard W. Schroeter,* for appellants Hayes and Frounfelter.

*Keating, Bucklin & McCormack, P.S.,* and *Robert C. Keating,* for appellant Lumbermen's Mutual Casualty Co.

*Lee, Smart, Cook, Martin & Patterson, Inc., P.S.,* and *John Patrick Cook,* for appellant Torbenson, Thatcher, McGrath, Treadwell & Schoonmaker, Inc.

*Helsell, Fetterman, Martin, Todd & Hokanson* and *Ralph J. Brindley,* for respondents.

SWANSON, J.—Thomas F. McGrath, Jr., and Terrell C. McGrath, defendants in a pending personal injury action, and Frederick R. Hayes and Judy Frounfelter, plaintiffs in that action, appeal from a summary judgment order entered in a declaratory judgment action which determined that Safeco Insurance Company of America and Lumbermen's Mutual Casualty Company, McGrath's insurers, had no duty to defend or indemnify McGrath in the personal injury action. The basis for that ruling was essentially that McGrath's previous guilty plea to second degree assault in a criminal prosecution, which established that the victim's injuries were knowingly inflicted, operated by application of the doctrine of collateral estoppel to preclude any claim that McGrath's actions in causing injuries were not intentional or expected, actions excepted from coverage under the policies.

This litigation has its genesis in an altercation which occurred on February 12, 1980, in a Bellevue restaurant's parking lot. McGrath, while admittedly intoxicated, shot Hayes in the neck with a pistol. According to McGrath, Hayes was approaching him in a menacing fashion. Mc-Grath contends that he acted in self–defense.

McGrath was charged with two counts of second degree assault with a firearm as a result of the shooting. Although

McGrath claimed then, as he does here, that he shot in self–defense and while under the influence of alcohol, he agreed to plead guilty to one count of second degree assault, *i.e.,* having knowingly inflicted grievous bodily harm, in exchange for dismissal of the second count of second degree assault and withdrawal of the firearm allegation which carried a mandatory 5–year prison term.

Thereafter, in 1981, Hayes and Frounfelter, a companion of Hayes on the night of the shooting, filed a complaint alleging McGrath[1] "did negligently, grossly negligently, recklessly and wantonly" cause them damages. McGrath tendered the defense of these civil actions to Safeco, his homeowner's insurer, Lumbermen's Mutual, his excess, personal casualty liability insurer, and General Insurance Company of America, the insurer of McGrath's law firm. The insurers declined the tender.

Safeco and General then filed a declaratory action seeking a judgment that they had no duty to defend and indemnify McGrath. In their complaint for declaratory relief, Safeco and General named as defendants appellant McGrath, his wife, his law firm, Hayes, Frounfelter, and Lumbermen's Mutual. By answer, counterclaim, and cross claim, Lumbermen's Mutual also sought declaratory relief as to its duty to defend and indemnify McGrath.

The Safeco policy provided personal liability insurance for bodily injury or property damage resulting from an "occurrence", but excluded "bodily injury or property damage which is either expected or intended from the standpoint of the insured." An "occurrence" was defined as "an accident . . . which results . . . in bodily injury or property damage." The Lumbermen's Mutual policy insured McGrath against liability for personal injuries or property damage, but excluded "any act committed by or at the

---

[1]Frounfelter's complaint also joined McGrath's wife as defendant. She was later voluntarily dismissed with prejudice.

Hayes' complaint also joined as defendants McGrath's wife, his law firm, and Far West Services, Inc., the owner of the restaurant at which the shooting occurred. Mrs. McGrath and McGrath's law firm were later voluntarily dismissed.

direction of the insured with intent to cause personal injury or property damage".

Subsequently, the personal injury cases and the declaratory judgment action were consolidated for discovery purposes. Before discovery was completed, both Safeco and Lumbermen's Mutual moved for summary judgment.[2] The Superior Court granted both motions, decreeing that McGrath's guilty plea collaterally estopped him from claiming that the injuries were (1) a result of an "accident", within the meaning of the Safeco policy, (2) not "expected or intended from the standpoint of the insured" and, therefore, excluded from coverage under the Safeco policy, and (3) not "committed by or at the direction of the insured with intent to cause personal injury" and, therefore, excluded from coverage under the Lumbermen's Mutual policy. The Superior Court also determined that McGrath's actions "were intentional and not the result of a negligent act", and concluded that the insurance companies had no duty to defend or indemnify McGrath. This appeal followed.

█ Generally, an insurer's duty to defend its insured is broader than its duty to indemnify. An insurer's duty to defend its insured arises where any allegation in the complaint, if proved true, would render the insurer liable under the policy. *State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 486, 687 P.2d 1139 (1984). An insurer's duty to indemnify its insured arises only where the injured party ultimately prevails on facts which fall within the policy coverage. An insurer has no duty to defend its insured, however, for acts specifically excluded from the policy. *Harrison Plumbing & Heating, Inc. v. New Hampshire Ins. Group,* 37 Wn. App. 621, 626, 681 P.2d 875 (1984). Therefore, if the doctrine of collateral estoppel is applicable in this case, thereby precluding relitigation of the issue of intent, neither Safeco nor Lumbermen's Mutual have the

---

[2]By this time, McGrath's law firm had been dismissed from the case. Thus, General Insurance Company was no longer involved.

obligation to defend or indemnify McGrath.

 In order for the doctrine of collateral estoppel to apply,

(1) the issue decided in the prior adjudication must be identical with the one presented in the second; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea of collateral estoppel is asserted must have been a party or in privity with a party to the prior litigation; and (4) application of the doctrine must not work an injustice. *Lucas v. Velikanje*, 2 Wn. App. 888, 894, 471 P.2d 103 (1970). *Accord, Dunlap v. Wild*, 22 Wn. App. 583, 589–90, 591 P.2d 834 (1979).

*Beagles v. Seattle–First Nat'l Bank*, 25 Wn. App. 925, 929, 610 P.2d 962 (1980). *See Rains v. State*, 100 Wn.2d 660, 665, 674 P.2d 165 (1983).

There is little question that pleas of guilty to, and convictions of, felony charges are admissible in a subsequent civil action. ER 801(d)(2) and 803(a)(22). Further it has been held that the doctrine of collateral estoppel is applicable where defendants in civil cases have been previously convicted of criminal charges after a trial, *Kyreacos v. Smith*, 89 Wn.2d 425, 572 P.2d 723 (1977); *Maicke v. RDH, Inc.*, 37 Wn. App. 750, 683 P.2d 227, *review denied*, 102 Wn.2d 1014 (1984); *Seattle–First Nat'l Bank v. Cannon*, 26 Wn. App. 922, 615 P.2d 1316 (1980), for indeed, they have had a "full and fair opportunity" to litigate the issues. Thus, application of the doctrine would not work an injustice under those circumstances.

The same cannot necessarily be said, however, where the criminal conviction is based on an *Alford*–type[3] guilty plea. A criminal defendant must contend with powerful, coercive forces when presented with a choice of either (a) certain, prolonged incarceration if he exercises his right to proceed to trial and is found guilty of the crimes charged in the information (here a mandatory 5–year prison term for conviction of second degree assault with a firearm (RCW 9.41-

---

[3]*North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970).

.025)) or (b) a strong probability of a deferred or suspended sentence if he pleads guilty to a reduced charge (here the prosecutor promised to recommend deferred imposition of 10–year sentence conditioned on service of 1 year in jail, 6 months of which would be work release). Under such coercive circumstances, the policies underlying the application of the doctrine of collateral estoppel have not been met. That is, a criminal defendant has not had a "full and fair opportunity" to litigate the issues normally decided in a full–fledged criminal trial. Therefore, application of the doctrine would work an injustice under these facts.

This decision is in accord with a majority of jurisdictions which have considered the precise issue raised here. These courts have recognized a distinction between guilty pleas and convictions which were obtained following a trial and have refused to apply the doctrine of collateral estoppel where the defendant had pleaded guilty.[4] The reasoning underlying the distinction was aptly recognized by Justice Traynor who wrote for the unanimous California Supreme Court in *Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.,*

---

[4]*See Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.,* 58 Cal. 2d 601, 375 P.2d 439, 441, 25 Cal. Rptr. 559 (1962), *cert. denied,* 372 U.S. 966 (1963); *Kickasola v. Jim Wallace Oil Co.,* 144 Ga. App. 758, 242 S.E.2d 483, *cert. denied,* 436 U.S. 921, *reh'g denied,* 439 U.S. 884 (1978); *Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 347 A.2d 842 (1975); *Glens Falls Group Ins. Corp. v. Hoium,* 294 Minn. 247, 200 N.W.2d 189 (1972); *Northwestern Nat'l Cas. Co. v. Phalen,* 182 Mont. 448, 597 P.2d 720 (1979); *Garden State Fire & Cas. Co. v. Keefe,* 172 N.J. Super. 53, 410 A.2d 718, *cert. denied,* 84 N.J. 389, 420 A.2d 317 (1980); *Grange Mut. Cas. Co. v. Walker,* 652 S.W.2d 908 (Tenn. Ct. App. 1983); *Crowall v. Heritage Mut. Ins. Co.,* 118 Wis. 2d 120, 346 N.W.2d 327, 329 n.2 (Ct. App. 1984); Restatement (Second) of Judgments § 85, comment *b* (1982). *Accord, Thornton v. Paul,* 74 Ill. 2d 132, 384 N.E.2d 335, 343 (1978) (in civil action a prior conviction following trial amounts only to prima facie, but rebuttable, evidence that defendant's actions constituted a battery); *Snodgrass v. Baize,* 405 N.E.2d 48, 55, *reh'g denied,* 409 N.E.2d 645 (Ind. Ct. App. 1980). *But see Merchants Mut. Ins. Co. v. Arzillo,* 98 A.D.2d 495, 472 N.Y.S.2d 97 (1984) (guilty plea to fourth degree arson is given collateral effect in subsequent civil suit); *Hooks v. Middlebrooks,* 99 A.D.2d 663, 472 N.Y.S.2d 54 (1984) (guilty plea to third degree assault has collateral estoppel effect); *Ideal Mut. Ins. Co. v. Winker,* 319 N.W.2d 289 (Iowa 1982) (guilty plea to second degree murder has collateral estoppel effect where insurance policy excluded damages "resulting from a criminal act.").

58 Cal. 2d 601, 605–06, 375 P.2d 439, 441, 25 Cal. Rptr. 559 (1962), *cert. denied,* 372 U.S. 966 (1963):

A plea of guilty is admissible in a subsequent civil action on the independent ground that it is an admission. It would not serve the policy underlying collateral estoppel, however, to make such a plea conclusive. "The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy." "This policy must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which fully to present his case." When a plea of guilty has been entered in the prior action, no issues have been "drawn into controversy" by a "full presentation" of the case. It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation. Considerations of fairness to civil litigants and regard for the expeditious administration of criminal justice combine to prohibit the application of collateral estoppel against a party who, having pleaded guilty to a criminal charge, seeks for the first time to litigate his cause in a civil action.

(Citations omitted.)

Our decision is also consistent with prior Washington cases which have recognized that the defendant–insured is entitled to present the jury with the facts surrounding his guilty plea. For example, in *Ryan v. Westgard,* 12 Wn. App. 500, 511, 530 P.2d 687 (1975), Judge Callow wrote for the court:

The plea of guilty to the negligent driving charge could be brought in to show the defendant's admission of negligence on his part at the time in question. It is true that the defendant faces a hard choice in whether to plead guilty to a charge that may be presented later in a civil case as an admission against himself or face the possibility of conviction of a charge that may expose him to greater penalties. The choice is his, however, to be made in the face of the risks involved; and he must face the consequences of his choice. *The defendant explained his reasons for pleading guilty to the reduced charges to the jury. The jury was free to accept or reject his explanation.*

(Footnote omitted. Italics ours.) Similarly, in *Konshuk v. Hayes*, 150 Wash. 565, 567, 273 P. 957 (1929), the court stated:

A plea of guilty to a charge of crime is in the nature of an admission. It is an admission of wrong on the part of a defendant so pleading. The jury are therefore entitled to consider it as it considers any other admission; *they must view it in connection with the surrounding circumstances, and give it such weight as in their judgment the circumstances warrant.*

(Italics ours.)

We conclude that the policies underlying the doctrine of collateral estoppel would not be satisfied by application of the doctrine to the present case.[5] Accordingly, the order granting the insurance companies summary judgment is reversed and the cause is remanded for further proceedings consistent herewith.

CORBETT, C.J., concurs.

WILLIAMS, J., concurs in the result.

Review denied by Supreme Court January 10, 1986.

---

[5]We do not intend by our decision today to suggest that an insured's plea of guilty to criminal charges may never affect an insurer's duty to defend or indemnify its insured. *See, e.g., Ideal Mut. Ins. Co. v. Winker*, 319 N.W.2d 289 (Iowa 1982) (policy excluded coverage for damages "resulting from criminal acts"). We hold only that under these facts application of the doctrine of collateral estoppel would work an injustice.