[No. 4633–8–III. Division Three. November 25, 1986.]

ANNETTE FAHLEN, *Respondent,* v. JOHN
BLAKE MOUNSEY, *Appellant.*

*Richard D. McWilliams* and *Paine, Hamblen, Coffin,*

*Brooke & Miller (Peter R. Mounsey* and *Shaw, Spangler & Roth,* of counsel), for appellant.

*Nancy A. Wainwright* and *Miller & Wainwright, P.S.,* for respondent.

McInturff, J.—John Blake Mounsey challenges the validity of a directed verdict in a civil assault action, which was based solely upon his third degree rape conviction, from which the federal District Court granted habeas corpus relief. He claims the verdict should be reversed because (1) the federal court grant of habeas relief voids the civil judgment, and (2) it is improper to give collateral estoppel effect to proceedings which denied him a full and fair opportunity to defend himself. We reverse.

On July 30, 1979, Mr. Mounsey was arrested and charged with first degree rape and first degree burglary in connection with an incident the prior evening at Annette Fahlen's apartment. Following a jury trial, Mr. Mounsey was convicted of second degree burglary and third degree rape. This conviction was affirmed in *State v. Mounsey,* 31 Wn. App. 511, 643 P.2d 892, *review denied,* 97 Wn.2d 1028 (1982). Ms. Fahlen brought a civil action for assault against Mr. Mounsey, based upon the rape conviction. The Superior Court directed a verdict against Mr. Mounsey "based upon his previous conviction for rape and the resulting conclusion that he could no longer contest the issue of consent." The jury subsequently awarded Ms. Fahlen $140,000 in damages.

Mr. Mounsey appealed the civil judgment, which was stayed pending the final outcome of his appeal from the criminal conviction. After this court affirmed the conviction on direct appeal, Mr. Mounsey filed a habeas corpus petition pro se in the United States District Court for the Eastern District of Washington, alleging his Fourteenth Amendment rights to due process had been denied in the criminal trial because of the State's failure to preserve potentially exculpatory evidence. Utilizing documents

unavailable to this court, the federal court granted Mr. Mounsey habeas relief on the basis that he was denied access to evidence which could have had a direct bearing on his testimony that his relations with Ms. Fahlen were consensual.

After the federal court granted habeas corpus relief, Mr. Mounsey filed a CR 60(b)(6) motion for relief from the civil judgment. The Superior Court denied the motion, concluding habeas relief did not void the underlying criminal judgment. Mr. Mounsey appeals the denial of this posttrial motion, together with his direct appeal from the civil judgment.

■ First, with respect to his CR 60(b)(6) motion, Mr. Mounsey claims the federal court grant of habeas relief entitles him to relief from the civil judgment because it is void or "otherwise vacated." CR 60(b)(6) reads:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (6) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application . . .

A motion to vacate and set aside the judgment is directed to the discretion of the trial court, and its actions in passing thereon will not be reversed in the absence of a manifest abuse of discretion. *Martin v. Pickering*, 85 Wn.2d 241, 245, 533 P.2d 380 (1975); *Borg–Warner Acceptance Corp. v. McKinsey*, 71 Wn.2d 650, 652, 430 P.2d 584 (1967).

Generally, where a judgment is based upon a prior judgment, when the judgment from the first case is reversed, eliminating the basis for the judgment in the subsequent case, then the appellate court should reverse the second judgment. *See, e.g., Butler v. Eaton*, 141 U.S. 240, 35 L. Ed. 713, 11 S. Ct. 985 (1891); 7 J. Moore, *Federal Practice* ¶ 60.26[3], at 60–246 to –247 (1985 & Supp. 1986) (construing

Fed. R. Civ. P. 60(b)(5)); 11 C. Wright & A. Miller, *Federal Practice* § 2863, at 203 (1973 & Supp. 1986).

In evaluating whether the court abused its discretion, this court must determine what effect the writ of habeas corpus had upon the prior conviction. The traditional and ordinary remedy in habeas corpus is release from custody. L. Yackle, *Post–Conviction Remedies* § 141 (1981 & Supp. 1984). Historically, where a federal court finds constitutional error rendering a state court judgment invalid, the court does not vacate or reverse the judgment, but rather renders an order requiring the custodian to release the prisoner from detention under it. *See, e.g., Spaulding v. Taylor,* 336 F.2d 192, 194 (10th Cir. 1964); *Bromley v. Crisp,* 561 F.2d 1351, 1364 (10th Cir. 1977) (reversing a district court order vacating a state judgment "with prejudice"), *cert. denied,* 435 U.S. 908, 55 L. Ed. 2d 499, 98 S. Ct. 1458 (1978); *Rimmer v. Fayetteville Police Dep't,* 567 F.2d 273, 277 (4th Cir. 1977); *Smith v. Spina,* 477 F.2d 1140, 1147 (3d Cir. 1973); *cf. McNeil v. Director, Patuxent Inst.,* 407 U.S. 245, 252, 32 L. Ed. 2d 719, 92 S. Ct. 2083 (1972) (ordering immediate release on review of state court judgment).

Without actually questioning the accuracy of this proposition, however, the United States Supreme Court has stated in dicta that the practical effect of habeas relief is to vacate or reverse the state court judgment. *See Wood v. Georgia,* 450 U.S. 261, 274 n.21, 67 L. Ed. 2d 220, 101 S. Ct. 1097 (1981). Other cases also hold that state convictions are vacated or voided by habeas relief.[1] While we do not determine here whether federal habeas relief indeed voids a state

---

[1]*See, e.g., Taylor v. Hilton,* 563 F. Supp. 913, 921 (D.N.J. 1982) (awarding relief and purporting to "direct" the court to hold a new trial); *Sims v. Wyrick,* 552 F. Supp. 748, 771 (W.D. Mo. 1982) (holding that state conviction was "null and void"); *Simmons v. Dalsheim,* 543 F. Supp. 729, 734 n.2 (S.D.N.Y. 1982) (habeas relief "vacated" state conviction), *aff'd,* 702 F.2d 423 (2d Cir. 1983); *Spring v. Caldwell,* 516 F. Supp. 1223, 1231 (S.D. Tex. 1981) (purporting to set aside a state conviction); *Alderman v. Austin,* 498 F. Supp. 1134, 1144 (S.D. Ga. 1980) (purporting to set aside a state conviction).

court conviction, we hold under these circumstances the effect of such relief is to "otherwise vacate" the conviction. Accordingly, we conclude CR 60(b)(6) relief "should [have been] granted here." *Werner v. Carbo,* 731 F.2d 204, 208 (4th Cir. 1984) (holding that when one judgment rests upon a judgment which has been reversed or otherwise vacated, relief should be granted).

Mr. Mounsey contends in the alternative that the court erred in giving the rape conviction collateral estoppel effect in the subsequent civil action. We agree. In reviewing a superior court's grant of a directed verdict, this court evaluates whether any evidence or reasonable inference therefrom supports the nonmoving party's position. *Organon, Inc. v. Hepler,* 23 Wn. App. 432, 433, 595 P.2d 1314 (1979); *see also Cherberg v. Peoples Nat'l Bank,* 88 Wn.2d 595, 606, 564 P.2d 1137 (1977). In this case, the Superior Court directed a verdict on the issue of liability on the basis that Mr. Mounsey's criminal conviction collaterally estopped him from challenging the facts as found in that action. The application of the collateral estoppel doctrine requires the presence of four elements:

> (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.

*Malland v. Department of Retirement Sys.,* 103 Wn.2d 484, 489, 694 P.2d 16 (1985) (citing *Rains v. State,* 100 Wn.2d 660, 674 P.2d 165 (1984)); *Bunce Rental, Inc. v. Clark Equip. Co.,* 42 Wn. App. 644, 648, 713 P.2d 128 (1986); *Safeco Ins. Co. v. McGrath,* 42 Wn. App. 58, 62, 708 P.2d 657 (1985). Collateral estoppel is a court–created concept which can be "adjusted to accommodate whatever considerations are necessary to achieve the final objective— doing justice." Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington,* 60 Wash. L. Rev. 805, 842 (1985).

In a prior case, our Supreme Court held that an earlier murder conviction estopped the retrying of the issue of premeditation in a subsequent action for wrongful death. *Kyreacos v. Smith,* 89 Wn.2d 425, 429, 572 P.2d 723 (1977). Two other cases also have held that the doctrine of offensive collateral estoppel is applicable where defendants in civil cases have been previously convicted of criminal charges after trial. *See, e.g., Maicke v. RDH, Inc.,* 37 Wn. App. 750, 683 P.2d 227, *review denied,* 102 Wn.2d 1014 (1984); *Seattle–First Nat'l Bank v. Cannon,* 26 Wn. App. 922, 615 P.2d 1316 (1980). The underlying rationale of these decisions is that the defendant in the civil suit has had a "full and fair opportunity" to litigate the issues and application of the doctrine would not work an injustice upon the defendant under those circumstances. *McGrath,* 42 Wn. App. at 62. But where a defendant has not had a "full and fair" opportunity to litigate the issues of a criminal trial, application of collateral estoppel is unjust. *Rains v. State, supra; Jackson v. Standard Oil Co.,* 8 Wn. App. 83, 103, 505 P.2d 139 (1972); Trautman, 60 Wash. L. Rev. at 842 n.238; *McGrath,* at 63.

 We find it equally unfair to apply collateral estoppel when we determine the criminal defendant has been denied his fundamental right to defend himself. Viewing the facts as we now have them, we agree with the federal court conclusion that Mr. Mounsey was denied a full and fair opportunity to defend himself in the criminal action. Under circumstances such as these, the policies underlying the application of the doctrine of collateral estoppel have not been met; it would be unjust to hold otherwise.

The judgment of the Superior Court is reversed; this case is remanded for a new trial.

THOMPSON, J., concurs.

GREEN, C.J. (dissenting)—The majority holds that where a federal court grants a writ of habeas corpus involving a state court conviction in a criminal case, a civil judgment

based on that conviction should be automatically vacated. I respectfully dissent.

The order granting the habeas corpus here was based on constitutional grounds, *i.e.,* certain requested tests to determine the presence of a contraceptive agent or blood type were not performed on vaginal samples taken from the victim, Annette Fahlen. The sample had been used up in the laboratory's effort to determine the presence of sperm. The federal judge found the State's failure to take a large enough sample was the equivalent of failure to preserve evidence bearing on the issue of consent—a constitutional reason, the federal judge holds, for granting the writ.

The failure of the State to take a large enough sample to test for the presence of a contraceptive agent and blood type was argued to the jury; yet, even without this evidence, the jury found Mr. Mounsey guilty beyond a reasonable doubt. The evidence presented to that jury is as credible now as it was before the federal judge entered his order granting habeas relief. It is the same evidence that the majority now holds must be presented to another jury in the civil action involving a lesser burden of proof—preponderance of the evidence. In these circumstances, I find no rational basis for overturning the civil judgment. For what purpose does the majority set aside the civil judgment and require a trial *on the same evidence and arguments* made in the criminal trial? If that evidence was sufficient to convince a jury beyond a reasonable doubt that Mr. Mounsey raped Ms. Fahlen, it is certainly sufficient to prove by a preponderance of the evidence that Mr. Mounsey assaulted her. Moreover, the civil action was not commenced until the Court of Appeals and the Supreme Court of this State had reviewed and affirmed the conviction. It was not until then that Ms. Fahlen proceeded to obtain her summary judgment as to liability and later obtained a damage award of $140,000. To vacate this civil judgment based on a rule applicable to criminal, not civil, cases is to promote form over substance and gives too wide a sweep to a federal judge's grant of habeas relief.

Thus, I would find an exception to the general rule stated by the majority and hold that a federal order granting a writ of habeas corpus in the circumstances presented here does not operate to void the civil judgment. I would affirm the trial court's refusal to vacate the civil judgment.

Review denied by Supreme Court March 3, 1987.