[Nos. 21964–2–I; 21996–1–I. Division One. May 8, 1989.]

VIRGINIA GUSTAFSON, *Plaintiff,* v. RAGNAR GUSTAFSON, *Defendant,* FIRST WESTERN BANK, ET AL, *Appellants,* JOHN BUCHAN, ET AL, *Respondents.*

*Jay H. Zulauf, Janet D. McEachern,* and *Mundt, Mac-Gregor, Hoppe, Falconer & Hall,* for appellants First Western Bank, et al.

*Arthur H. McKean* and *Aiken, St. Louis & Siljeg,* for appellants Radford.

*Rodney T. Harmon* and *Geraghty & VanDerhoef,* for respondents.

FORREST, J.—First Western Bank and Colin, Merlynda, Foster and Diana Radford (Radfords) appeal from the vacation of an order of dismissal of claims asserted against them by John, Gloria, William and Karen Buchan (Buchans). We affirm the vacation.

In 1983, Virginia Gustafson brought an action to quiet title and for damages against Ragner Gustafson (her former husband), R & H Associates, Inc. (R & H), First Western Bank (First Western), and the Buchans. *See Gustafson v. Gustafson*, 47 Wn. App. 272, 734 P.2d 949 (1987), for the full factual background of this appeal. The property which was the subject of that action was first acquired by First Western from R & H by deed in lieu of foreclosure, then was acquired by the Radfords, and finally was acquired by the Buchans.

The Buchans asserted a cross claim against First Western for indemnification for the costs of defending the quiet title action, and served a third party complaint on the Radfords. The Buchans moved for summary judgment against Gustafson, asserting that she did not have standing to sue. On March 29, 1985, an order of summary judgment was entered which granted judgment in favor of the Buchans against Gustafson. The order also contained the following provision:

> 4. The cross–claim of the Buchans against First Western Bank and the third–party complaint of the Buchans against [the Radfords] were premised solely on any liability the Buchans might have had to plaintiff and accordingly, are hereby dismissed with prejudice by stipulation of the parties.

Gustafson appealed from the summary judgment, and on March 25, 1987, this court reversed the summary judgment and quieted title in Gustafson. *Gustafson v. Gustafson, supra*. Motions for reconsideration and review were denied. 109 Wn.2d 1024 (1988).

On February 3, 1988, the Buchans moved to vacate that portion of the summary judgment order in which their claims against First Western and the Radfords were dismissed with prejudice (hereafter referred to as the "stipulated dismissal"), relying on CR 60(b)(6) and CR 60(b)(11). The court granted the motion to vacate under both CR 60(b)(6) and CR 60(b)(11), and First Western appeals. The

Radfords also appeal, asserting the same position as First Western, and the appeals were consolidated.[1]

## CR 60(b)

CR 60(b) provides as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

. . .

(6) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

. . .

(11) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken. . . .

### STANDARD OF REVIEW

 First Western argues that a stipulated judgment should not be reviewed or vacated in the absence of fraud, mistake, or lack of jurisdiction. *Haller v. Wallis,* 89 Wn.2d 539, 543–44, 573 P.2d 1302 (1978) (affirming denial of motion under CR 60(b)(1) to vacate an "Amended Order Authorizing Settlement"); *Washington Asphalt Co. v. Harold Kaeser Co.,* 51 Wn.2d 89, 91, 316 P.2d 126, 69 A.L.R.2d 752 (1957) (refusal to review a stipulated judgment on appeal). We disagree. The proper standard for review is whether the court abused its discretion in vacating the stipulated judgment under CR 60(b)(6) or under CR 60(b)(11). *State v. Santos,* 104 Wn.2d 142, 145, 702 P.2d 1179 (1985); *In re Marriage of Flannagan,* 42 Wn. App.

---

[1]The Radfords did not file a brief, but rather asked that whatever relief is granted First Western be granted them as well.

214, 222–23, 709 P.2d 1247 (1985), *review denied,* 105 Wn.2d 1005 (1986). The granting of a motion to vacate a judgment is directed to the discretion of the trial court, and will not be reversed in the absence of a manifest abuse of that discretion. *Fahlen v. Mounsey,* 46 Wn. App. 45, 47, 728 P.2d 1097 (1986), *review denied,* 107 Wn.2d 1031 (1987); *Martin v. Pickering,* 85 Wn.2d 241, 245, 533 P.2d 380 (1975); *Werner v. Carbo,* 731 F.2d 204, 206 (4th Cir. 1984).

## CR 60(b)(1)

First Western argues that the only possible ground for vacating the stipulated dismissal was "mistake" under CR 60(b)(1), and therefore the Buchans' motion to vacate was untimely because motions under CR 60(b)(1) must be brought within 1 year of the entry of the judgment. It is not clear whether the Buchans' entry into the stipulated dismissal would qualify as a "mistake" for purposes of CR 60(b)(1). *See* 4 L. Orland, Wash. Prac. § 5713 (3d ed. 1983) (citing cases demonstrating lack of consistency as to whether CR 60(b)(1) applies to "mistakes of fact" or "mistakes of law" or both); *Burlingame v. Consolidated Mines & Smelting Co.,* 106 Wn.2d 328, 336, 722 P.2d 67 (1986) (errors of law not correctable through CR 60(b)); *Nemaizer v. Baker,* 793 F.2d 58, 62 (2d Cir. 1986) ("Mere dissatisfaction in hindsight with choices deliberately made by counsel [in breadth of stipulated dismissal] is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief.").

However, even if it was clear that the stipulated dismissal was a "mistake", the Buchans would not be limited to CR 60(b)(1) as a grounds for vacation. No authority has been cited to or discovered by us making the grounds for vacation listed in CR 60(b) mutually exclusive, except for CR 60(b)(11), which is discussed *infra.* The grounds for vacation listed in CR 60(b) are a combination of those listed in Federal Rule of Civil Procedure 60(b) and those contained in a number of preexisting statutes. CR 60(b)(1), (6) and (11) were all taken from the federal rule. Fed. R.

Civ. P. 60(b) was amended in 1948 to add the list of grounds for vacation. The purpose for listing the grounds was to "cover the field" of vacation and to eliminate writs of coram nobis, coram vobis, audita querela, and bills of review. Advisory Committee Report, 5 F.R.D. 433, 477–78 (1946). No intent was expressed that the moving party would have to elect only one of the listed grounds for vacation. "[C]ourts should and do give a liberal construction to 60(b)." 7 J. Moore, *Federal Practice* ¶ 60.18[8] (2d ed. 1987). As the Fourth Circuit noted in *Werner v. Carbo,* 731 F.2d at 207:

> We have explained, however, that these grounds for relief often overlap, and it is difficult if not inappropriate in many cases to specify or restrict the claim for relief to a particular itemized ground. *Compton v. Alton Steamship Co.,* [608 F.2d 96, 102 (4th Cir. 1979)]. This overlapping and the broad phrasing of the rule free courts to do justice in cases in which the circumstances generally measure up to one or more itemized grounds. It is also consistent with the background of the rule and the rule itself which abolished writs of coram nobis, coram vobis, audita querela, bills of review, and bills in the nature of a bill of review, so that relief from a judgment, generally, should now be obtained under the rule rather than under the abolished procedures mentioned just above.

The court did not err in considering the Buchans' motion under CR 60(b)(6), even if the stipulated dismissal could have been considered a "mistake."

## CR 60(b)(6)

First Western argues that CR 60(b)(6) does not apply because the stipulated dismissal was not a judgment where "a prior judgment upon which it is based has been reversed or otherwise vacated". It contends that the stipulated dismissal of the indemnification claims was not "based" upon the summary judgment in the underlying case, but rather was a tactical decision by the Buchans. It argues that the Buchans should be bound by their tactical decision made with the assistance of counsel, and that if they were concerned about a possible reversal of the summary judgment,

they should have provided for that contingency in the stipulated dismissal.

The Buchans respond that the language of the stipulated dismissal demonstrates that it was "based" upon the summary judgment, as it provided that the claims dismissed were "premised solely on any liability the Buchans might have had to plaintiff." They contend that where the reversal of a prior judgment eliminates the basis for a secondary judgment, the secondary judgment, even when entered simultaneously, should be vacated under CR 60(b)(6). *Fahlen v. Mounsey*, 46 Wn. App. at 47; *Safe Flight Instrument Corp. v. United Control Corp.*, 576 F.2d 1340 (9th Cir. 1978); *Werner v. Carbo, supra.*

The Buchans' interpretation of CR 60(b)(6) is supported by *Werner v. Carbo, supra.* Werner obtained a medical malpractice judgment against Upjohn Co., Dr. Carbo, and Dr. Carbo's professional corporation. Upjohn and Dr. Carbo appealed, but the corporation did not. The judgment was vacated on appeal, and thereafter the corporation moved for vacation of the judgment against it, under Fed. R. Civ. P. 60(b)(5). The motion was denied by the district judge, but the Circuit Court of Appeals held that the denial of the motion was an abuse of discretion. The court held that the judgment against the corporation "rested" upon the judgment against Dr. Carbo, so that when the judgment against him was vacated, Fed. R. Civ. P. 60(b)(5) allows for vacation of the judgment against the corporation. The court noted the competing considerations in vacating a final judgment:

> We emphasize that our ruling is very narrow. The motion was timely made; no unfair prejudice was shown; exceptional circumstances were present; the rights of no third parties have intervened; and the judgment against the professional corporation was wholly derivative of,

coexistent with, and limited by the judgment against Carbo.

*Werner v. Carbo,* 731 F.2d at 209.

The necessity for a mechanism to seek redress for a situation such as that of the Buchans has been noted by one commentator:

> The necessity for a provision, such as [Fed. R. Civ. P. 60(b)(5)], can be illustrated by a reference to the *Reed v. Allen* [286 U.S. 191, 76 L. Ed. 1054, 52 S. Ct. 532, 81 A.L.R. 703 (1932)] situation, where no appeal was taken from the second judgment and the first judgment was reversed on appeal. The provision under discussion permits the party to obtain redress from the second judgment, . . ., by moving the district court in the second action to set aside the judgment for the reason that the first judgment, which formed the basis for the second judgment, has been reversed or otherwise vacated.

7 J. Moore, *Federal Practice* ¶ 60.26[3], at 60–248.

█ Under the circumstances, both summary judgment and the stipulated dismissal may be treated as having been appealed and reversed by this court. In a similar setting, the Fifth Circuit held:

> The question before us is whether defendant, who did not file a notice of appeal, shall also benefit. Because the third party defendant's liability is derivative of defendant's liability, and because the reversal of the judgment against the third–party defendant is based solely on an error in the main case, *i. e.,* plaintiff's case against defendant, we hold that third–party defendant has appealed and asserted this error not only on its own behalf but also on behalf of defendant. Thus the third–party defendant's appeal operates, in this limited circumstance, as an appeal of the judgment of defendant as well as the judgment of third–party defendant.

(Footnote omitted.) *Kicklighter v. Nails by Jannee, Inc.,* 616 F.2d 734, 742 (5th Cir. 1980).

First Western relies on *Safe Flight* to limit relief under CR 60 to decrees with a specific provision for vacation on

the happening of some contingency or reversal of the earlier judgment. The case does not so hold. In *Safe Flight*, the parties in the settlement agreement specifically agreed that the injunction agreed to would be vacated if the patent which was being protected thereby was invalidated in other litigation. It was and the court vacated. *Safe Flight* is an easy case, as evidenced by the fact that it was a per curiam opinion. The court applied Fed. R. Civ. P. 60(b)(5), the equivalent of CR 60(b)(6), but said nothing directly or by inference to limit the scope of the rule on other facts.

We decline to limit CR 60(b)(6) to cases where there is an express agreement in the judgment involved that it is to be vacated if another judgment is vacated or reversed. Such result is not called for by the language of the rule and would be inconsistent with the equitable sources from which the rule is drawn and which should inform its interpretation.

While there was no express contingency in the stipulated dismissal addressing the possibility of reversal on appeal, the order did express the recognition of the parties that the dismissal was based on the granting of summary judgment.

We conclude that the court did not abuse its discretion in vacating the stipulated dismissal of the indemnification claims after the reversal of the summary judgment that dismissed the underlying action. CR 60(b)(6) allows for vacation of a judgment where "it is no longer equitable that the judgment should have prospective application". It is no longer equitable that the Buchans be prevented from asserting their claims against First Western and the Radfords, now that the underlying action by Gustafson has been resolved adversely to them. They gave up their claims against First Western and the Radfords in reliance on the summary judgment granted in their favor. The reversal of that summary judgment makes inequitable the prospective application of the stipulated dismissal. Vacation of the stipulated dismissal enforces the expectations of the parties contained in the order of summary judgment.

## CR 60(b)(11)

The trial court found that vacation of the stipulated judgment was appropriate under CR 60(b)(11) as well as CR 60(b)(6). First Western argues that the court erred in employing CR 60(b)(11) because there were no "extraordinary circumstances", as required by that rule. *Ackermann v. United States,* 340 U.S. 193, 200, 95 L. Ed. 207, 211, 71 S. Ct. 209, 212 (1950). The use of CR 60(b)(11) "'should be confined to situations involving extraordinary circumstances not covered by any other section of the rule.'" *In re Marriage of Flannagan,* 42 Wn. App. at 221; *State v. Keller,* 32 Wn. App. 135, 140, 647 P.2d 35 (1982). *See also* 7 J. Moore, *Federal Practice* ¶ 60.27[1]. However, as the vacation of the judgment was proper under CR 60(b)(6), this court need not determine whether CR 60(b)(11) was applicable. *Metropolitan Park Dist. v. Griffith,* 106 Wn.2d 425, 439 n.3, 723 P.2d 1093 (1986).

Affirmed.

GROSSE, A.C.J., and SWANSON, J., concur.