**Lewis H. JENKINS, Plaintiff–Appellant,**

v.

**Laurence M. GUILFORD, as the Personal Representative of the Estate of Nicholas A. Thomas, Defendant–Appellee.**

No. 90CA1126.

Colorado Court of Appeals, Div. IV.

Oct. 24, 1991.

Calvert & Bryant, Randall M. Calvert, Englewood, for plaintiff-appellant.

Hall & Evans, Eugene O. Daniels, Malcolm S. Mead, Denver, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

The plaintiff, Lewis H. Jenkins, appeals the dismissal of this personal injury action based on the trial court's conclusion that the plaintiff is barred from litigating this suit by the doctrine of *res judicata.* We reverse.

The plaintiff and Nicholas A. Thomas were involved in an automobile accident in 1983. Thomas died on January 20, 1984, and his estate was closed September 13 of that year. On October 15, 1984, the defendant, Laurence M. Guilford, was discharged as personal representative of the estate. On June 30, 1986, the plaintiff sued Thomas for injuries arising from the automobile accident (the first suit).

The plaintiff served Guilford, the former personal representative of Thomas's estate, in November 1987, without having taken any steps to seek the reopening of the estate. Thereafter, the plaintiff attempted to substitute the decedent's estate as party defendant. The trial court dismissed the action with prejudice, concluding that the plaintiff had failed to substitute a party defendant within 90 days after the suggestion of decedent's death was made part of the record, as required by C.R.C.P. 25(a)(1). This ruling was challenged on appeal.

On December 14, 1988, while the first suit was on appeal, the probate court granted the plaintiff's petition to reopen Thomas's estate and to reappoint the defendant as personal representative. The plaintiff then filed an action (the second suit) on March 17, 1989, against the defendant as personal representative, for the injuries suffered in the 1983 accident. The trial court granted the defendant's motion to dismiss the second suit on grounds that the dismissal of the first suit with prejudice constituted a dismissal on the merits and that the doctrine of *res judicata* thus barred the plaintiff from relitigating this matter.

Subsequent to this dismissal, this court issued its opinion in the appeal from the first suit. *Jenkins v. Estate of Thomas,* 800 P.2d 1358 (Colo.App.1990). We held that C.R.C.P. 25(a)(1) does not apply to an action brought against the decedent following his death and that, consequently, the dismissal should have been based on the absence of a proper party. We affirmed the portion of the judgment dismissing the action, reversed the portion dismissing with prejudice, and remanded with instructions to amend the judgment to reflect a dismissal without prejudice. Thus, the first suit now stands as being dismissed without prejudice.

The issue before us is whether our decision in *Jenkins v. Estate of Thomas, supra,* reversing the judgment which had been relied upon as *res judicata* to dismiss the second suit, should affect the judgment of dismissal in the second suit.

The defendant contends that even if the first judgment of dismissal was in error, neither that judgment nor its subsequent modification by this court can deprive the first judgment of its *res judicata* effect. The plaintiff reasons that, because the court in the first suit lacked subject matter jurisdiction, its judgment was not merely erroneous, but void and that, consequently, the doctrine of *res judicata* cannot apply. We agree with the plaintiff that his second suit is not barred, but for different reasons than those he argues.

■ We agree with the plaintiff that the doctrine of *res judicata* does not apply here. Under that doctrine, a final judgment is conclusive of the rights of the parties in any subsequent suit on the same claim and bars re-litigation of all issues that might have been decided. *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973). However, if a judgment is based on a prior judgment and the judgment from the first suit is reversed, thereby eliminating the basis for the judgment in the second suit, then the appellate court should reverse the second judgment. *Fahlen v. Mounsey,* 46 Wash.App. 45, 728 P.2d 1097 (1986). *See also McDonald v. McDonald,* 53 Wis.2d 371, 192 N.W.2d 903 (1972); 9 A.L.R.2d 984 (1950).

■ The defendant argues that the reversal should have no effect. He relies on a series of cases starting with *Reed v. Allen,* 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed.

1054 (1932). In that case, the Supreme Court held that: "[W]here a judgment in one case has successfully been made the basis for a judgment in a second case, the second judgment will stand as res judicata, although the first judgment be subsequently reversed." The Court noted, however, that this rule would not apply if the second suit were appealed, saying that: "[I]f respondent, in addition to appealing from the decree, had appealed from the judgment, the appellate court, having both cases before it, might have afforded a remedy." In reaching that conclusion, the court cited *Butler v. Eaton*, 141 U.S. 240, 11 S.Ct. 985, 35 L.Ed. 713 (1891).

The facts in *Butler* are similar to those before us here. Eaton won a judgment in state court for the return of a stock subscription. Butler, a receiver of a national bank, appealed, and he also brought a federal court action to recover the subscription. In federal court, Eaton successfully argued that the judgment in her favor in state court operated as *res judicata*. Butler appealed this decision as well. The United States Supreme Court reversed the state court judgment in favor of Eaton.

It then considered how to deal with the second suit, where the judgment was based on the *res judicata* effect of the case it had just overruled. The Court observed:

> "[I]t cannot be said, therefore, looking to the record in this case alone, that there is error in the judgment now before us. But by our own judgment just rendered in the other case, the whole basis and foundation of the defence in the present case, namely the judgment of the Supreme Judicial Court of Massachusetts, is subverted and rendered null and void for the purpose of any such defence.... [W]hen it was given in evidence in this case, it was effective for the purpose of a defence, but its effectiveness in that regard is now entirely annulled."

*Butler v. Eaton, supra.* The judgment in favor of Eaton was reversed, and the case was remanded with directions to enter judgment in favor of Butler.

The case before us requires a similar disposition. The plaintiff appealed the decision dismissing the first suit with prejudice. The trial court in the second suit, at the time it decided the issue, properly found the plaintiff was barred by the doctrine of *res judicata* from suing the defendant as personal representative. However, when we reversed the judgment in the first case, holding that the dismissal should have been without prejudice, the basis of the *res judicata* defense was "without any validity, force or effect, and ought never to have existed." *Butler v. Eaton, supra.* Consequently, the plaintiff is not barred from proceeding with the second suit.

The defendant also argues that the proceedings in the second suit should have been stayed, pending the appeal in the first suit. If a stay had been granted, we would not be faced with the issue on appeal here. But, although such a procedure might have been preferable, the fact that a stay was not granted by the trial court in no way affects our analysis of the issue before us.

The defendant's other contentions in support of the judgment are answered by our disposition above or are otherwise without merit.

Accordingly, the judgment of the trial court dismissing the plaintiff's second suit is reversed, and the cause is remanded with instructions to reinstate all claims of the plaintiff against the defendant.

HUME and ROTHENBERG, JJ., concur.