51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PUGET SOUND POWER AND LIGHT COMPANY, Plaintiff-Appellee,
v.
GREAT AMERICAN INSURANCE CO., Defendant-Appellant.
Insurance Environmental Litigation Association, Amicus.
 No. 94-35072.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1995.
Decided April 5, 1995.
 
 Before: WRIGHT, HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case presents a novel issue regarding an insurer's duty to defend. The question is whether the Great American Insurance Company breached its duty to defend under Washington law by offering to pay only a fraction of its insured's defense costs. The answer depends on whether the offer was based on a reasonable method of proration. We conclude that it was not and affirm the judgment of the district court.
 
 
 3
 * From 1968 to 1982, Puget Sound Power and Light Company delivered used transformers to the Tacoma Tar Pits' metal recycling plant. Great American insured Puget Power from 1968 to 1971, promising to "defend any suit against the insured seeking damages on account of ... property damage [caused by an occurrence], even if any of the allegations of the suit are groundless, false or fraudulent."
 
 
 4
 The United States brought a CERCLA action against Puget Power and others for costs of environmental cleanup at the Tar Pits. The Tar Pits' owners also brought a third-party contribution action against Puget Power. The complaints contained general allegations which specified neither the timing nor the nature of Puget Power's deliveries. Puget Power negotiated settlements in both actions and turned to its insurers for defense costs.
 
 
 5
 Great American offered to pay part of the costs. It reasoned that, since its policy covered only three of the years in question, it should pay only a corresponding amount of the costs. Puget Power sued for 100% of the costs. The district court's declaratory judgment held that the insurers were jointly and severally liable for all defense costs and awarded Puget Power attorney's fees.
 
 
 6
 On appeal, Great American does not deny its duty to defend. It argues only that it is not liable for all defense costs because its apportionment of costs was reasonable.
 
 II
 
 7
 We review de novo a declaratory judgment. Tashima v. Administrative Office of United States Courts, 967 F.2d 1264, 1273 (9th Cir.1992).
 
 
 8
 A. Proration of Defense Costs.
 
 
 9
 The duty to defend is broader than the duty to indemnify. Safeco Ins. Co. v. McGrath, 708 P.2d 657, 659 (Wash.Ct.App.1985). An insurance company does not have to pay claims that turn out to be groundless, but it must defend them. This is because, strictly speaking, the duty to defend constitutes the provision of service, not the payment of money. Accord, Ray Industries v. Liberty Mutual Ins. Co., 974 F.2d 754, 770 (6th Cir.1990) (construing Michigan law).
 
 
 10
 An insurer's duty to defend arises when a complaint against the insured is filed, and the scope of that duty is determined by the allegations in the complaint. Holland America Ins. Co. v. Nat'l Indemnity Co., 454 P.2d 383, 384 (Wash.1969). If, from the face of the complaint, there is no reasonable means of prorating the defense costs between covered and uncovered losses, the insurer is liable for the full cost of defense.[1] Prudential Property & Casualty Ins. Co. v. Lawrence, 724 P.2d 418, 424 (Wash.Ct.App.1986) (citing National Steel, 543 P.2d 642 (Wash.Ct.App.1975), and Waite v. Aetna Casualty & Sur. Co., 467 P.2d 847 (Wash.1970)). The insurer bears the burden of proving that defense costs can be reasonably apportioned. Cf. Gruol Constr. Co. v. Ins. Co. of N. Am., 524 P.2d 427, 431 (Wash.Ct.App.1974) (insurer bears burden of allocating indemnity obligations).
 
 
 11
 Great American was obligated to provide a full and complete defense under the 1968-1971 policy. It is true that this duty to defend did not extend to matters that were beyond the terms of the 1968-1971 policy. It also is true that in defending Puget Power in the underlying actions, some money may have been spent on matters outside the 1968-1971 policy. In order to apportion properly defense costs in this case, we would have to determine the extra costs of defending matters outside the scope of the 1968-1971 policy.
 
 
 12
 Great American contends that it offered a reasonable proration method based on insured and uninsured years. Although allocation based on insured and uninsured years may be reasonable in some cases, it does not work here. The problem is that Great American has not offered an even arguably reasonable method of approximating the extra cost of defending Puget Power on matters outside the 1968-1971 policy. Its time-on-the-risk method is better designed to allocate the costs of liability than those of defense. We therefore hold that Great American failed to satisfy its burden of presenting a reasonable allocation method. It breached its duty to defend and is liable for all defense costs. Waite, 467 P.2d at 851.
 
 
 13
 B. Attorney's Fees.
 
 
 14
 Generally, we review attorney's fee awards for abuse of discretion. In re Washington Pub. Power Supply Sys., 19 F.3d 1291, 1296-97 (9th Cir.1994). The Washington Supreme Court has said:
 
 
 15
 [a]n award of fees is required ... where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of [the] insurance contract; regardless of whether the insurer's duty to defend is at issue.
 
 
 16
 Olympic Steamship Co. v. Centennial Ins. Co., 811 P.2d 673, 681 (Wash.1991). Puget Power had to take legal action to enforce its policy and is entitled to fees.
 
 III
 
 17
 The court properly concluded that Great American breached its duty to defend when it refused to pay all of Puget Power's defense costs. The policy renders it fully liable for those costs. The court properly allowed fees to the insured. We affirm.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In determining the duty to defend, a court may not consider "facts known by an insurer or discoverable by it either before or after the complaint has been filed," notwithstanding the risk of inequity. National Steel Constr. Co. v. National Union Fire Ins. Co., 543 P.2d 642, 644 (Wash.Ct.App.1975)