157 N.J. Super. 258 (1978)
384 A.2d 902
WILLIAM F. HYLAND, ATTORNEY GENERAL OF NEW JERSEY, COMPLAINANT-RESPONDENT,
v.
NICHOLAS T. KEHAYAS, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 15, 1978.
Decided March 15, 1978.
*260 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. Arthur M. Greenbaum argued the cause for appellant (Messrs. Greenbaum, Greenbaum, Rowe & Smith, attorneys; Mr. Edward A. Bertele on the brief).
Mr. Bertram P. Goltz, Jr., Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. William F. Hyland, former Attorney General of New Jersey; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Jerome M. Lane, Deputy Attorney General, on the brief).
The opinion of the court was delivered by ANTELL, J.A.D.
On complaint of the Attorney General the Board of Professional Planners revoked respondent's certificate of license as a professional planner issued on July 15, 1968. The revocation order was entered on May 25, 1977 on the ground of misconduct in the practice of professional planning, pursuant to N.J.S.A. 45:14A-15, and for lack of the good moral character required for licensure under N.J.S.A. 45:14A-9(a)(1).
*261 On June 6, 1974, after a trial by jury, respondent was found guilty together with others of conspiring to influence the planning board of Monroe Township by offering bribes in connection with the adoption of certain ordinances, in violation of N.J.S.A. 2A:98-1, and of giving a bribe of money to a member of the town council, in violation of N.J.S.A. 2A:93-6 and N.J.S.A. 2A:85-14. He was sentenced to serve two concurrent terms of one year in the Middlesex County Workhouse, six months of which was suspended, placed on probation for two years and fined $1,000 on each count. We affirmed the convictions in an unreported opinion on December 16, 1975 and on May 4, 1976 the Supreme Court denied respondent's petition for certification. State v. Kehayas, 70 N.J. 516 (1976).
On this appeal respondent contends that the board was barred from revoking his license by reason of the fact that he presented a certificate of rehabilitation pursuant to the Rehabilitated Convicted Offenders Act, N.J.S.A. 2A:168A-3. That statute provides:
The presentation to a licensing authority * * * of a certificate * * * of the Chief Probation Officer of * * * a county, who has supervised the applicant's probation, that the applicant has achieved a degree of rehabilitation indicating that his engaging in the proposed employment would not be incompatible with the welfare of society shall preclude a licensing authority from disqualifying or discriminating against the applicant.
The enactment must be read as part of a composite whole. Alexander v. N.J. Power & Light Co., 21 N.J. 373, 378 (1956); 2A Sutherland, Statutory Construction (3 ed. 1973) §§ 51.01 and 51.02. Section 1 recites its purpose is to remove impediments to obtaining employment based "solely" upon the existence of a criminal record and specifically excepts from the restriction upon disqualification cases where "the conviction relates adversely to the occupation, trade, vocation, profession or business for which the license or certificate is sought."
*262 Section 2 expressly declares that the licensing authority may "disqualify or discriminate" in such cases and mandates that it relate its determination to eight specified factors touching the circumstances of the conviction and the applicant's rehabilitation. Respondent argues, in substance, that the provision in § 3 whereby the licensing authority is precluded from disqualifying or discriminating upon the presentation of a certificate of rehabilitation is intended to be controlling even in cases where the crime relates adversely to the profession.
Setting aside the question of whether, as a licensee, not an "applicant," he even falls within the protected class, respondent's argument overlooks the fact that the action under review does not involve disqualification or discrimination because of a conviction of crime. The determination by the board consisted of a revocation for misconduct, a standard which does not depend upon a criminal conviction. Hence the provisions of the Rehabilitated Convicted Offenders Act are inapplicable notwithstanding that the underlying misconduct may have also given rise to a criminal conviction. Were we to conclude otherwise it would follow that those licensees whose misconduct results in criminal convictions and who are therefore eligible to be considered for a certificate of rehabilitation are protected from revocation whereas those whose misconduct falls short of criminality are not. We will not ascribe so illogical a purpose to the legislative intent. State v. Gill, 47 N.J. 441, 444 (1966); Marranca v. Habro, 41 N.J. 569, 574 (1964). Respondent's argument that this might have been intended as a means of easing the hardships and disabilities customarily accompanying conviction of crime does not persuade us to the contrary.
In its findings of fact the Board of Professional Planners noted that at the time of his criminal conduct respondent was then employed by the Monroe Township Planning Board as a professional planner and that the criminal episode arose directly from his professional employment. In its conclusions the board observed that professional planning services have *263 among their goals those of guiding government policy for the assurance of orderly and coordinated development of land use, safeguarding life, health and property, and promotion of the public welfare. Measured against these standards the board concluded that respondent's role in the events leading to his conviction constituted a corruption of his professional responsibility and a perversion of the object of professional planning. It further reasoned that respondent's conviction for the crimes described was "conclusively evidential of the fact that he engaged in these acts" which the board then concluded constituted "misconduct in the practice of professional planning." Consideration was given respondent's evidence attesting to his good conduct and rehabilitation but it was observed that this "cannot outweigh the gravity of the crimes for which respondent has been convicted and the fact that they relate adversely to the practice of professional planning, including the necessity of the public to repose trust and confidence in the licensed professional planner."
We are satisfied that the findings made could reasonably have been reached on sufficient credible evidence present in the record considering the proofs as a whole and with due regard to the agency's expertise. Close v. Kordulak Bros., 44 N.J. 589, 599 (1965); State v. Johnson, 42 N.J. 146, 161-162 (1964).
We find it unnecessary to decide respondent's claim that the board improperly rested the revocation upon a finding that the respondent had demonstrated a lack of good character required for licensure. There can be no doubt that the revocation was grounded independently in findings of misconduct and lack of good moral character and, as we have said, the finding of misconduct was sufficiently supported by the evidence.
Respondent further contends that the board erred in treating his conviction as "conclusively evidential" of the criminal conduct. He acknowledges its admissibility under Evid. R. 63(20) but maintains that under the law of this *264 State it is not conclusive proof of the facts underlying the conviction. Confronted with a similar question in Burd v. Sussex Mutual Ins. Co., 56 N.J. 383 (1970), the Court there explained:
The adoption of Rule 63(20) making a judgment of conviction "admissible" in evidence does not necessarily mean the judgment may not be conclusive in some appropriate case. The Comment in the Report of the Supreme Court of New Jersey Committee on Evidence (March 1973), p. 197, suggests the adoption of the rule would not preclude that further step. [at 397]
The suit involved a question of insurance coverage and the defendant insurer's position was that the injury was excluded from coverage by reason of having been intentionally inflicted. The court determined that the insured's conviction for atrocious assault and battery, while evidential, should not be conclusive as to his intent for the following reasons: (1) the injured third party claimant, who, under N.J.S.A. 17:28-2, had an interest in the liability policy, had not been a party to the criminal proceeding, (2) the record of the criminal case was unclear as to the jury's factual findings on issues decisive of the civil case, (3) the values involved in the two proceedings were so in competition with one another that in the criminal case the burden rested upon the insured to prove that by reason of intoxication he could not have formed the necessary intent, whereas in the civil proceeding the burden was on the insurer to bring the case within the policy exclusion by showing such intent to have existed. Id. at 397-398.
No such impediments exist in the case before us. Respondent had every opportunity and incentive to litigate the question of his guilt. It is clear that the jury resolved issues decisive of the question of revocation, and it has not been shown that his conviction was procured by fraud, perjury or legal error sufficient to require that it be vacated. Under these circumstances we perceive no sound reason why the facts underlying the judgment of conviction *265 should not have been treated as conclusively established. Hurtt v. Stirone, 416 Pa. 493, 206 A.2d 624 (Sup. Ct. 1965), cert. den. 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965); Travelers Indemn. Co. v. Walburn, 378 F. Supp. 860 (D.D.C. 1974); Teitlebaum Furs, Inc. v. Dominion Ins. Co., 58 Cal.2d 601, 25 Cal. Rptr. 559, 375 P.2d 439 (Sup. Ct. 1962), cert. den. 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed. 2d 130 (1963); Newman v. Larsen, 225 Cal. App.2d 22, 36 Cal. Rptr. 883 (D. Ct. App. 1964).
Finally, we reject respondent's contention that the sanction of revocation under the circumstances "is overly harsh" and observe that the order under review grants respondent leave to apply for reinstatement upon the expiration of 18 months after surrendering his certificate or upon his discharge from probation, whichever is later.
Affirmed.