[No. 3495-0-III. Division Three. July 24, 1980.]

SEATTLE–FIRST NATIONAL BANK, *Respondent,* v. RICHARD C. CANNON, ET AL, *Appellants.*

*Edward B. Critchlow* and *Critchlow & Williams*, for appellants.

*P. Craig Walker* and *Cowan, Walker, Jonson & Moore*, for respondent.

MUNSON, J.—Richard and Ruth Cannon appeal a summary judgment in favor of Seattle–First National Bank establishing liability and awarding damages of $43,000.

Prior to the action for summary judgment, the Cannons were convicted in federal court after a nonjury trial of conspiracy and of aiding and abetting embezzlement of funds from the Seattle–First National Bank. The Cannons' codefendant, Mary Mowery, was convicted of the actual misapplication of the funds. The convictions of the Cannons were affirmed in an unpublished opinion, *United States v. Cannon* (9th Cir., February 9, 1978).

The bank brought this action to obtain judgment against the Cannons and Mowery for $43,210. Subsequently, the bank moved for summary judgment. Mowery had a default judgment entered against her, but filed an affidavit stating that she and the Cannons "conspired to and did defraud the Plaintiff of $43,210.10"; and she "did falsely and wrongfully credit the amount of $43,210.10 to the accounts of Defendants, RICHARD C. CANNON and RUTH M. CANNON, . . ." The Cannons' affidavits denied they embezzled any money or received any benefit from the embezzled funds; they denied they were aware of Mary Mowery's false entries. The court granted the summary judgment against the Cannons based upon their criminal conviction; the court found the Cannons were collaterally estopped from denying they wrongfully took funds from the bank.

The issues presented are whether (1) a criminal conviction is admissible in subsequent civil litigation as evidence of facts upon which the civil suit is based, and (2) if such a conviction is admissible for that purpose, it is prima facie or conclusive evidence of those facts.

Traditionally, there have been various reasons for the rule that a criminal conviction is not admissible in a subsequent civil action. *Fleming v. Seattle,* 45 Wn.2d 477, 486–88, 275 P.2d 904 (1954). Some limited exceptions have, however, been permitted. *Ryan v. Westgard,* 12 Wn. App. 500, 510–12, 530 P.2d 687 (1975). The reasons for denying admissibility have included the following: (1) The use of a judgment of conviction is technically hearsay; (2) the defendant may not have effectively litigated the criminal issue because of lack of motive or opportunity; (3) the issues in both cases were not identical; (4) a party may manufacture evidence for himself at the criminal trial which might be of direct benefit to him financially in a subsequent civil action; (5) juries may be unable to comprehend the difference between a prior judgment offered as mere evidence and one offered as conclusive proof of the

facts; and (6) there may be a lack of mutuality of the parties. *Scott v. Robertson,* 583 P.2d 188, 190–91 (Alaska 1978).

We address the above reasons in sequence as they apply to this case. First, the hearsay objection has been answered by the adoption of ER 803(a)(22) which reads in pertinent part:

> **(a) Specific Exceptions.** The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . .
>
> (22) . . . Evidence of a final judgment, entered after a trial or upon a plea of guilty . . . adjudging a person guilty of a crime punishable by death or imprisonment in excess of 1 year, to prove any fact essential to sustain the judgment, . . .

Here, the convictions were felonies with penalties of $5,000 or more or imprisonment for not more than 5 years. 18 U.S.C. §§ 371, 656 (1976).

Second, as to the possibility that defendants may not have effectively litigated the criminal issue, we note the courts have recently provided increased safeguards against unjust convictions of persons charged with criminal offenses and have always required a higher burden of proof than in civil cases. *Scott v. Robertson, supra* at 192; *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624, *cert. denied,* 381 U.S. 925, 14 L. Ed. 2d 684, 85 S. Ct. 1561 (1965). Here, the Cannons were represented by counsel and pleaded not guilty at trial. They were found guilty; subsequently, their conviction was affirmed by the appellate court. There was no lack of either motive or opportunity to fully and effectively litigate the matter.

Third, if the issues are not identical or there is an ambiguity, the conviction should not be admitted. Here, the issue of misappropriation of funds was identical in both the criminal and the civil cases.

Fourth, the fear that a defendant may manufacture evidence is minimal in this case. We are discussing identical

issues in both trials which had been decided against the defendants.

As to the fifth reason, the jury's difficulty in comprehending the difference between prima facie evidence and conclusive proof of the facts is of concern, but not one with which jurors are unfamiliar. *Scott v. Robertson, supra* at 193.

Finally, the issue of mutuality of parties is directly linked here to the doctrine of collateral estoppel. In criminal cases the parties are the government versus the individual, whereas in most civil cases the action is between civil litigants. Lack of mutuality is not the barrier it once was. *Kyreacos v. Smith,* 89 Wn.2d 425, 428, 572 P.2d 723 (1977). In *Kyreacos,* the court applied collateral estoppel to a criminal defendant in a subsequent civil action holding that because 12 jurors had found defendant guilty of premeditated murder, "it would be totally contrary to logic and common sense to permit a civil jury to conclude otherwise." *Kyreacos v. Smith, supra* at 429.

The trend, which we adopt here, has been to admit criminal convictions as evidence in a civil case as to those factual issues determined in the criminal case. *Hurtt v. Stirone, supra.* Those courts that have considered the matter, however, have divided on the question of whether it is only prima facie evidence or is conclusive evidence of the facts previously determined. The majority of courts have decided the evidence is conclusive as to those facts previously determined.[1] Others hold the conviction is prima

---

[1] *United States v. Fabric Garment Co.,* 366 F.2d 530 (2d Cir. 1966); *Connecticut Fire Ins. Co. v. Ferrara,* 277 F.2d 388 (8th Cir.), *cert. denied,* 364 U.S. 903, 5 L. Ed. 2d 195, 81 S. Ct. 231 (1960); *Scott v. Robertson, supra; Teitelbaum Furs, Inc. v. Dominion Ins. Co.,* 58 Cal. 2d 601, 375 P.2d 439, 25 Cal. Rptr. 559 (1962); *Travelers Ins. Co. v. Thompson,* 281 Minn. 547, 163 N.W.2d 289, *cert. denied,* 395 U.S. 161, 23 L. Ed. 2d 175, 89 S. Ct. 1647 (1969); *In re Estate of Laspy,* 409 S.W.2d 725 (Mo. App. 1966); *Hyland v. Kehayas,* 157 N.J. Super. 258, 384 A.2d 902 (1978); *Casey v. Northwestern Security Ins. Co.,* 260 Ore. 485, 491 P.2d 208 (1971); *Hurtt v. Stirone, supra; Mineo v. Eureka Security Fire & Marine Ins. Co.,*

facie evidence of those facts.[2]

■ The purpose of collateral estoppel is to prevent relitigation of a particular issue or a determinative fact after the party estopped has a full and fair opportunity to present its case in order to promote the policy of ending disputes. *State v. Dupard,* 93 Wn.2d 268, 609 P.2d 961 (1980); *Beagles v. Seattle–First Nat'l Bank,* 25 Wn. App. 925, 929, 610 P.2d 962 (1980).

■ Affirmative answers must be given to the following questions before collateral estoppel is applicable:

(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?

*Lucas v. Velikanje,* 2 Wn. App. 888, 894, 471 P.2d 103 (1970). The courts of appeal have had no difficulty in answering those questions and applying the doctrine.[3]

In applying the above conditions, first, we find it was conclusively established by the conviction and subsequent affirmance on appeal that the Cannons did conspire and aid and abet in embezzling funds from the bank. Second, it is obvious there was an adjudication ending in a final judgment on the merits. Third, the Cannons were parties to the

---

182 Pa. Super. 75, 125 A.2d 612 (1956); *Eagle, Star & British Dominions Ins. Co. v. Heller,* 149 Va. 82, 140 S.E. 314 (1927).

[2]*Cirillo v. Commissioner of Internal Revenue,* 314 F.2d 478 (3d Cir. 1963); *Fidelity–Phenix Fire Ins. Co. v. Murphy,* 231 Ala. 680, 166 So. 604, *cert. denied,* 299 U.S. 557, 81 L. Ed. 410, 57 S. Ct. 19 (1936); *North River Ins. Co. v. Militello,* 100 Colo. 343, 344, 67 P.2d 625 (1937); *Asato v. Furtado,* 52 Haw. 284, 474 P.2d 288, 293 (1970); *Wolff v. Employers Fire Ins. Co.,* 282 Ky. 824, 140 S.W.2d 640, 130 A.L.R. 682 (1940). *Scott v. Robertson, supra* at 193 n.27, lists a number of cases pro and con prima facie versus conclusiveness on the facts.

[3]*Beagles v. Seattle–First Nat'l Bank, supra; Dunlap v. Wild,* 22 Wn. App. 583, 591 P.2d 834 (1979); *Bergh v. State,* 21 Wn. App. 393, 403, 585 P.2d 805 (1978); *Simpson Timber Co. v. Aetna Cas. & Sur. Co.,* 19 Wn. App. 535, 576 P.2d 437 (1978); *Gibson v. Northern Pac. Beneficial Ass'n Hosps., Inc.,* 3 Wn. App. 214, 473 P.2d 440 (1970).

prior litigation on the same facts; and fourth, that prior adjudication would work no injustice here. Although both these defendants deny any complicity in the acts of embezzlement, that matter has been conclusively decided against them. They were accorded all the procedural protections of a criminal trial which requires a higher burden of proof than pertains in a civil action. Thus, we find the doctrine of collateral estoppel is applicable to those issues determined in the criminal conviction. *See Haslund v. Seattle,* 86 Wn.2d 607, 622, 547 P.2d 1221 (1976).

 The ultimate facts decided in the criminal trial were that the Cannons were guilty of conspiracy and in aiding and abetting the embezzlement of bank funds. The federal government, however, was not required to prove an exact amount in excess of $100. Collateral estoppel is confined to ultimate facts, *i.e.,*

> facts directly at issue in the first controversy upon which the claim rests—but does not extend to evidentiary facts, facts which may be in controversy in the first action and are proven but which are merely collateral to the claim asserted.

*Beagles v. Seattle–First Nat'l Bank, supra* at 931. While the federal district court required restitution by the Cannons for a specific sum and the Ninth Circuit in its opinion recited a figure of $43,000, those facts were evidentiary and collateral to the claim asserted by the government, *i.e.,* conspiracy and aiding and abetting embezzlement. *See Peterson v. Department of Ecology,* 92 Wn.2d 306, 312–13, 596 P.2d 285 (1979). The amount of the damages is not within the doctrine of collateral estoppel. Nor may the evidence on that issue in the criminal trial be considered prima facie or conclusive evidence here. Damages must be proven anew.

That portion of the judgment which found the criminal conviction conclusive evidence of embezzlement by the

Cannons is affirmed; however, that portion which determined the damages is reversed and the matter remanded for trial on the issue of damages only.

GREEN, C.J., and ROE, J., concur.