**In re David Wallace BAYS, Debtor.**

**Linda Bays; Kelly Case, Plaintiffs,**

**v.**

**David Bays; Doug Lambarth and Jane Doe Lambarth; Joe Esposito and Jane Doe Esposito; Gary Stenzel and Jane Doe Stenzel; Paul Bastine and Jane Doe Bastine; Joe Wittstock and Jane Doe Wittstock; David Hardy and Jane Doe Hardy; Spokane County Superior Court, Defendants.**

**Bankruptcy No. 01–05127–JAR7.**
**Adversary No. A03–00237–JAR.**

United States Bankruptcy Court, E.D. Washington.

Feb. 9, 2009.

Patrick W. Harwood, Kirkpatrick & Startzel PS, Christopher J. Kerley, James B. King, Evans Craven & Lackie, P.S., Joseph A. Esposito, Esposito George & Campbell, Gary R. Stenzel, Stenzel Law Office, James H. Kaufman, Spokane Cty. Prosecuting Atty. Office, Spokane, WA, Douglas D. Lambarth, Lambarth Law Office, Newport, WA, for Defendants.

## DECISION RE: QUIET TITLE

JOHN A. ROSSMEISSL, Bankruptcy Judge.

THIS MATTER comes before the court upon motions for summary judgment on the issue of quiet title in real property located in Stevens County, Washington.

This adversary proceeding originated as a lawsuit in Stevens County Superior Court. It was removed to bankruptcy court by the then trustee of David Bays' bankruptcy estate, Joseph Esposito. The

removed adversary proceeding included multiple causes of action against multiple defendants. During the litigation of this matter, this court has disposed of multiple causes of action and dismissed many of the parties to the adversary proceeding. The plaintiffs remaining are Linda Bays and her son, Kelly Case. The defendants remaining are Tony Grabicki, successor trustee of the bankruptcy estate of David Bays and David Bays. The last remaining cause of action is for quiet title in some Kettle Falls real estate. Linda Bays and Kelly Case seek a determination that their interest in the real estate is not encumbered by a Real Estate Contract awarded to David Bays in the Bays dissolution in which trustee Grabicki claims David's interest. Trustee Grabicki's predecessor-in-interest, Joseph Esposito, had proceeded to forfeit that contract. Linda Bays and Kelly Case ask this court to declare that forfeiture void and quiet title in them free of the claims of the bankruptcy trustee and David Bays. This is the final issue left unresolved in this adversary proceeding.

The record in the case is extensive. The court has in discussing the facts and procedure made numerous references to documents filed with the court in the parties' various cases. A Reference Code is attached as an appendix to this decision as an aid to find the referenced documents in court files.

The court will commence its decision on the matters with a chronological review of the facts and relevant pleadings.

### FACTS

1. By a contract dated October 5, 1987, William and Karen Ferguson sold Terrance and Anita Symonds real estate located in Stevens County and known as 1698 Nichols Road, Kettle Falls, Washington (referred to herein as "the Ferguson Contract"). The real estate sold consists of two parcels designated A and B, respectively (referred to herein collectively as "the Kettle Falls property"). [AP # 600, Ex. A, pg. 17]. Parcel A is approximately 13 acres with a shed. Parcel B is approximately one acre with a house and improvements. [DB # 61, pg. 8, ¶ 29].

2. The plaintiffs Linda Bays and her then husband Eric Svare, acquired the vendee's interest in the Ferguson Contract from the Symonds in 1987. [AP # 686–1, pg. 4; Dep., pg. 7, lns. 1–10; Dep., pg. 8, lns. 10–21]. Ms. Bays divorced Eric Svare and Linda Bays received the Kettle Falls property in the divorce as her separate property. [AP # 686–1, pg. 4; Dep., pg. 9, lns. 4–7; AP # 686–1, pg. 5; Dep., pg. 10, lns. 6–1]. Eric Svare quit claimed this property to Linda on November 27, 1989. [DB # 61, pg. 8, ¶ 30].

3. Linda J. Svare, as seller, entered into a Real Estate Contract with the Linjericks Society, "an unincorporated Religious Family of God" dated January 12, 1995 and recorded January 13, 1995. The subject of this contract was Parcel A of the Kettle Falls property. [AP # 600, pg. 9, ¶ 4].

4. Linda Svare, as grantor, executed a Deed of Trust dated September 14, 1995, in the amount of $18,000 in which the Linjericks Society, a corporation, was the beneficiary, and recorded the same day under Stevens County auditor No. 9509089. The Deed of Trust encumbered Parcel B of the Kettle Falls property. [AP # 382, pgs. 42–45].

5. The minutes of a special meeting the Linjericks Society called on January 29, 1996, reflect that the Society had no way of collecting on its Deed of Trust without forfeiture and forfeiture was authorized on the 1698 Nichols Road property. The minutes of the meeting were signed by "Kelly Case, Secretary of Linjericks Society" and dated February 2, 1996. [AP # 382, pg. 4].

6. On February 2, 1996, Linda Svare executed a Quit Claim Deed "in consideration of in lieu of foreclosure/forfeiture of Deed of Trust, Stevens County # 9509089" to the "Linjericks Society and the Overseer of the Linjericks Society (a corporation sole)." This Quit Claim Deed related to Parcel B of the Kettle Falls property. [AP # 382, pg. 6].

7. Linda Svare met David Bays in July of 1997. [AP # 686–1, pg. 14; Dep., pg. 49, lns. 3–6]. It is Linda Bays' position, that shortly after meeting David Bays that they entered into a contract whereby Linda agreed to clean out David's home in Ione, Washington, and in return David would pay off the approximately $52,000.00 balance of the Ferguson Contract. [AP # 686–1, pg. 14; Dep., pg. 47, lns. 8 thru Dep., pg. 48, ln. 13; AP # 686–1, pg. 15; Dep., pg. 50, lns. 12–23; AP # 739–1, pg. 5, ¶ 3.1].

8. Linda Svare and David Bays married on March 23, 1998 during the course of the clean up of the Ione home. [AP # 686–1, pg. 5; Dep., pg. 13, lns. 19–21].

9. The work on cleaning up the Ione residence continued until completion. The clean up was completed by May 17, 1999, at which time Linda Bays paid off the Ferguson Contract. The money used for this pay off was received from David Bays. She received a receipt for the sum of $52,406.81. [AP # 382, pg. 18].

10. On May 18, 1999, the escrow officer sent a letter to the Fergusons and Linda E. Erickson indicating that the contract has been paid in full and that the original statutory deed was being sent to the Stevens County Auditor for recording. [AP # 382, pg. 21]. A payment history was included with this letter which indicated that the account balance was paid to Fergusons on May 17, 1999. [AP # 382, pg. 22].

11. It is Linda Bays' position that after the Ferguson Contract was paid off, Linda discovered that John Troberg would attempt to enforce a judgment lien against the property. To protect her interest in the property, she stopped the recording of the deed to her from Fergusons. Instead Linda Bays asserts she and David Bays agreed that David Bays would be transferred the vendor's interest in the Ferguson Contract to protect the property from the Troberg lien. Linda Bays further alleges that no payments were due or expected from her by David Bays. [AP# 739–1, pgs. 4–5; AP # 686–1, pg. 16; Dep., pg. 54, lns. 18 thru Dep., pg. 56, ln. 25].

12. By letter dated June 9, 1999, the Fergusons were sent a "Deed and Seller's Assignment of Real Estate Contract" and a "Hold Harmless and Indemnification Agreement" executed by David Bays. [AP # 382, pgs. 23–27]. The "Deed and Seller's Assignment of Real Estate Contract" was signed by the Fergusons and recorded with the Stevens County Auditor on June 18, 1999. [AP # 382, pgs. 28–31].

13. Linda Bays and David Bays lived together as husband and wife until October of 1999. [AP # 686–1, pg. 19; Dep., pg. 68, ln. 24 thru Dep., pg. 69, ln. 20].

14. David Bays executed and delivered a Statutory Warranty Deed to Linda Bays on October 13, 2000. [LB # 57, pg. 36–38; AP # 686–1, pg. 17; Dep., pg. 59, ln. 16 to Dep., pg. 61, ln. 4; AP # 600, pg. 15, ¶ 25]. This deed relates to both Parcels A and B of the Kettle Falls property and recites "For and in consideration of non-assignable life estate on basement apartment at 1698 Nichols Road and $1.00." [LB # 57, pgs. 36–38; AP # 600, pg. 15].

15. Linda Bays and Kelly Case entered into a "Loan Contract" dated November 27, 2000. [AP # 686–3, pgs. 2–3; AP # 686–1, pg. 20; Dep., pg. 72, ln. 5 to Dep., pg. 73, ln. 24; AP # 686–2, pg. 7; Dep., pg. 21, ln. 22 to AP # 686–2, pg. 8; Dep., pg.

22, lns. 1–9; AP # 686–2, pg. 8; Dep., pg. 25, ln. 18 to ln. 25]. As part of this contract, Linda Bays executed and delivered a Quit Claim Deed to Kelly Case dated November 27, 2000 relating to Parcel B of the Kettle Falls property. [AP # 686–4, pg. 2]. Under the terms of this contract, Kelly Case was to loan money to Linda Bays, which loan was secured by the real estate described in the Quit Claim Deed. [AP# 686–1 pg. 20; Dep., pg. 72, ln. 24 to Dep., pg. 73, ln. 18; AP # 686–1, pg. 21; Dep., pg. 77, ln. 17 to AP # 686–1, pg. 22; Dep., pg. 78, ln. 24].

16. David Bays filed a petition for dissolution of his marriage to Linda Bays in April of 2001. [AP # 503, pg. 2, ¶ 3].

17. On June 20, 2001, David Bays filed this bankruptcy case. [DB # 1]. Joseph Esposito was appointed trustee of David Bays' chapter 7 bankruptcy estate.

18. On August 7, 2001, Kelly Case recorded the Quit Claim Deed referred to in ¶ 15 above. [AP # 686–1, pg. 22; Dep., pg. 78, lns. 20–22; AP # 600, pg. 14, ¶ 22].

19. On October 1, 2002, Linda Bays filed a document in her dissolution case with the Pend Oreille County Superior Court entitled "Responsive Declaration of Linda Bays," which provided in part:

> Prior to our marriage I entered into a contract with David to do work for him in exchange for him paying off my mortgage. David has admitted this by affidavit. It took me 2 years to complete the work, and as promised, David gave me the money to pay off the mortgage. [AP # 385, pg. 31].

> . . .

> David agreed to act as my trustee by taking the place of the seller, Bill Ferguson, in order to protect me from Attorney Troberg. At first Bill Ferguson was reluctant to do this since he had already been paid. Bill then made David signed a "Hold Harmless" agree-

ment so Attorney Troberg would not sue him (Bill). It was always understood that the home was my separate property. David even asked Attorney Monasmith to draft the paperwork showing the home was my separate property with nothing owing on it, in order to protect me from David's own children. [AP # 385, pg. 32].

> . . .

> The house belonged to me, and I did not even suspect that David would claim an interest in it. [AP # 385, pgs. 32–33].

> . . .

> When David made my home an issue in the divorce, Mr. Monasmith told me to subpoena him to court. He will testify why David took the sellers position after giving me the money to pay off my home, and that David's position always was that "this home was my separate property," not his. Contrary to the claim that David now makes, many people have knowledge by David's own admission, that he only held the mortgage as trustee to protect me from John Troberg. [AP # 385, pg. 33].

20. The Bays dissolution case went to trial on October 7, 2002, without Linda Bays or anyone representing her interests in attendance. [AP # 503, pg. 10, ¶ 53]. David Bays testified at the trial that it was his understanding when he paid the almost $53,000 on the Ferguson Contract that he was to have a half interest in that property right away. [AP # 697, pg. 31].

21. Judge Bastine in his oral opinion delivered at the close of the trial said:

> She does not make any reference to any other property items except for a claim indicated as "work performed by wife" in the amount of $75,000 which should be considered in the distribution.

There is no evidence with regard to that. There is nothing to support that. And indeed, I don't even know by what theory that would come into play here in any event. [AP # 466, pg. 23].

22. David Bays' dissolution attorney Douglas Lambarth, forwarded proposed Findings of Fact and Conclusions of Law and Decree of Dissolution to Trustee Joe Esposito by letter dated October 11, 2002. [AP # 503, pgs. 10–11, ¶ 55].

23. On October 11, 2002, Linda Bays had the Statutory Warranty Deed from David Bays to her (¶ 14 above) recorded with Stevens County Auditor. [LB # 57, pgs. 36–38; AP # 600, pg. 15, ¶ 25]. Linda Bays recorded this deed after the dissolution trial had been completed and she was aware of the proposed findings of fact. [AP # 686–1, pg. 17; Dep., pg. 60, lns. 9 to 21].

24. The dissolution court entered the final Findings of Fact, Conclusions of Law and Decree of Dissolution on October 31, 2002. [DB # 61 & 62]. The decree dealt with the various transfers relating to the Kettle Falls property as follows:

(5) The real estate contract dated 01/12/95 between Linda J. Svare, as seller, and Linjericks Society, an unincorporated Religious Family of God, a pseudonym for Linda Bays, as purchaser, is set aside and is declared null and void and of no effect. The Stevens County Auditor filing nos. of this contract are Vol. 186, page 0973 through 0878 and was recorded on January 13, 1995, document # 9500414.

(6) The Deed of Trust dated September 14, 1995, between Linda Svare, as grantor and borrower, and Linjericks Society, a pseudonym for Linda Bays, as beneficiary, is set aside and is declared null and void and of no effect. The Stevens County Auditor's filing nos. of this deed of trust are Vol. 192, pages 3234 through 3237 and was recorded on September 14, 1995, document # 9509089.

(7) The Quit Claim Deed with David Bays, as grantor, and Linda Bays and Linjericks Society, a pseudonym for Linda Bays, as grantees, is set aside and is declared null and void and of no effect. The Stevens County Auditor's filing nos. are Vol. 240, pages 0284 through 286, document # 1999–0010689.

(8) The Quit Claim Deed dated November 27, 2000, with Linda Bays as grantor, Kelly Case, as grantee, is set aside and declared to be null and void and of no effect. The Stevens County Auditor's filing nos. of the quit claim deed are Vol. 261, pages 3185 through 3787 and was recorded on August 7, 2001, document # 2001–0007745.

(9) The Statutory Warranty Deed dated October 13, 2000, with David Bays, as grantor, and Linda Bays, as grantee, involving both Parcels A and B, and not filed of record, is set aside and is declared null and of no effect.

(10) The real estate contract dated October 5, 1987, between Fergusons, as sellers, and Symonds, as purchasers, filed in the Stevens County Auditor's office on October 8, 1987, at Vol. 116, pages 1904 through 1913 is reinstated and declared to be fully enforceable.

(11) The deed and seller's assignment of real estate contract dated June 15, 1999, whereby David W. Bays acquired the Fergusons' vendor's interest in the original real estate contract between Fergusons, as sellers, and Symonds, as purchasers, filed in the Stevens County Auditor's office on June 18, 1999, file # 1999–0107377, and located in Vol. 237, pages 0998 through 1001, is reinstated and declared to be fully enforceable, and is a first lien on the real property described therein in the amount of

$69,038.36, including interest as of October 30, 2002. [DB # 62, pgs. 7–8].

25. Linda Bays timely appealed the decision of the dissolution court.

26. A Litigation or Trustee's Sale Guarantee from Ticor Title Insurance dated February 5, 2003 was obtained by Mr. Esposito's office on the Kettle Falls property. [AP # 600, pgs. 2, 7–17]. This action was taken in connection with initiation of contract forfeiture proceedings.

27. A "Notice of Intent to Forfeit" dated July 11, 2003 was recorded with the Stevens County Auditor on July 14, 2003. [AP # 502, pgs. 10–15]. The declared intent was to forfeit the Ferguson Contract in which Joseph Esposito, David Bays' bankruptcy trustee, held the vendor's interest. Copies of this "Notice of Intent to Forfeit" were mailed on July 11, 2003 to a number of parties, including Linda Bays, Kelly Case and the Linjericks Society at the following addresses:

Linda J. Erickson a/k/a Svare a/k/a Bays
1698 Nichols Road
Kettle Falls, WA 99141

Linda J. Erickson a/k/a Svare a/k/a Bays
PO Box 301
Kettle Falls, WA 99141

Kelly Case
PO Box 301
Kettle Falls, WA 99141

Linjericks Society a/k/a The Overseer of the
Linjericks Society c/o Linda J. Erickson a/k/a
Svare a/k/a Bays
1698 Nichols Road
Kettle Falls, WA 99141

Linjericks Society a/k/a The Overseer of the
Linjericks Society c/o Linda J. Erickson a/k/a Svare
a/k/a Bays
PO Box 301
Kettle Falls, WA 99141

[AP # 502, pgs. 9 & 16].

28. On September 26, 2003, Bank of America issued a cashier's check purchased by Linda Bays payable to Kelly Case in the sum of $2,400.00. The face of the check bore the handwritten words "contract dated November 2000 paid in full + extra money ..." [AP # 696–1, pg. 4].

Kelly Case, after obtaining legal advice, cashed the check and took the money. [AP # 686–2, pg. 9; Dep., pg. 28, ln. 9 thru Dep., pg. 30, ln. 1].

29. Linda Bays and the Overseer of the Linjericks Society filed a "Complaint for Damages and for Injunctive Relief" dated October 15, 2003 with the Stevens County Superior Court under docket No. 03–2–00528–1. [AP # 1, pgs. 7–26]. The complaint included this language "THIS COMPLAINT is made pursuant to RCW 61.30.110, ..." among other terms. [AP # 1, pg. 7]. The statutory provisions referenced deal with enjoining forfeitures. This lawsuit was removed to bankruptcy court on October 17, 2003, and is this adversary proceeding. [AP # 1, pgs. 1–3].

30. On October 21, 2003, Joseph Esposito, bankruptcy trustee of David Bays, signed a "Declaration of Forfeiture" which declared the Ferguson Contract forfeited. This "Declaration of Forfeiture" was filed with the Stevens County Auditor on October 22, 2003. [AP # 502, pgs. 21–25]. Copies of this "Declaration of Forfeiture" were mailed on October 22, 2003, to a number of parties, including Linda Bays, Kelly Case and the Linjericks Society at the following addresses:

Linda J. Erickson a/k/a Svare a/k/a Bays
1698 Nichols Road
Kettle Falls, WA 99141

Linda J. Erickson a/k/a Svare a/k/a Bays
PO Box 301
Kettle Falls, WA 99141

Kelly Case
PO Box 301
Kettle Falls, WA 99141

Linjericks Society a/k/a The Overseer of the
Linjericks Society c/o Linda J. Erickson a/k/a
Svare a/k/a Bays
1698 Nichols Road
Kettle Falls, WA 99141

Linjericks Society a/k/a The Overseer of the
Linjericks Society c/o Linda J. Erickson a/k/a Svare
a/k/a Bays
PO Box 301
Kettle Falls, WA 99141

31. Linda Bays and the Overseer of the Linjericks Society, a corporation sole, plaintiff, filed a "Complaint To Set Aside Forfeiture and for Damages" signed December 16, 2003 and filed with the Superior Court of Stevens County on December 19, 2003. [AP # 739-3, pgs. 2–23; AP # 739-6, pg. 2]. David Bays, Douglas Lambarth, John Troberg and John and Jane Does were named as defendants in that case. The first paragraph of this complaint provides in part as follows:

> THIS COMPLAINT is made pursuant to RCW 61.30.140(4)(5), and based upon the fact that the plaintiff, Linda Bays, did pay off the real estate contract that was forfeited. Therefore, the defendants or their agents were not entitled to forfeiture. . . .

The statutory provisions referenced deal with setting aside a forfeiture. Joseph Esposito, David Bays' bankruptcy trustee, was not specifically named as a defendant in the original complaint nor does it appear that he was ever served with a summons and complaint in that case. [AP # 738, pg. 2].

32. During the course of this litigation, Joseph Esposito passed away and Tony Grabicki was appointed successor trustee on July 15, 2008. [DB # 108]. Mr. Grabicki is currently serving as trustee for the estate of David Bays.

33. On December 10, 2008, Linda Bays filed an Amended Complaint in Stevens County Superior Court Cause No. 2003-200-6333, the lawsuit referred to in FACTS ¶ 31 above. This Amended Complaint adds Kelly Case as a party plaintiff and Joseph Esposito, his spouse and the Dave Bays bankruptcy estate as party defendants. Among the relief sought in this Amended Complaint, the plaintiffs seek to have the forfeiture set aside and title quieted in the plaintiffs. [AP II # 4, pgs. 11–25]. On December 15, 2008, Linda Bays filed a Notice of removal of this Stevens County case with this court. This removed action was assigned this court's adversary docket No. 08–80140. [AP II # 1].

## DISCUSSION

### I. LINDA BAYS VS. TRUSTEE AND DAVID BAYS

#### A. The Parties' Contentions

The remaining issue before the court is whether Linda Bays retains any interest in the Kettle Falls property.

The trustee bases his position on the decree in the dissolution case which awards the sellers interest in the reinstated Ferguson Contract to the debtor, David Bays, and upon the trustee's actions to forfeit Linda Bays' purchaser's interest in that contract.

Linda Bays' contention is that there was nothing due on the Ferguson Contract, that the money provided to her by David Bays to pay off the Ferguson Contract was money due and payable to her for the clean up of David's Ione residence, the issue of payment was never decided by the dissolution court, the final decree in that case is not controlling in this case on these matters, and in any event, the trustee's attempt at forfeiting the contract was unsuccessful because of failure to adequately comply with the requirements of Washington's Real Estate Contract Forfeiture Act.

#### B. The Preclusive Effect of the Dissolution Decree

The parties disagree on the application of claim/issue preclusion doctrines to the dissolution court's Findings of Fact, Conclusions of Law, and Decree. The Trustee/David Bays seek to apply the Findings, Conclusions and Decree strictly by their terms. Linda Bays argues that the dissolution judgment should not be given binding effect against her in this action. The court will examine the legal requirements

for application of the doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel). The court has found Professòr Trautman's article "Claim and Issue Preclusion in Civil Litigation in Washington," 60 Wash. Law Review 805 (1985) of great assistance in its analysis.

### 1. Claim Preclusion (Res Judicata)

■ The Washington Supreme Court has identified a number of conditions necessary for application of issue preclusion (res judicata).

Res judicata occurs when a prior judgment has a concurrence of identity in four respects with a subsequent action. There must be identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of persons for or against whom the claim is made. *Seattle–First Nat'l Bank v. Kawachi,* 91 Wash.2d 223, 588 P.2d 725 (1978).

*Rains v. State of Washington, et al.,* 100 Wash.2d 660, 663, 674 P.2d 165, 168 (1983).

■ To assist courts in deciding whether the same cause of action is involved, the *Rains* decision, *ibid.,* at 100 Wash.2d at 664, 674 P.2d at 168 referenced the following quote from *Abramson v. University of Hawaii,* 594 F.2d 202, 206 (9th Cir.1979):

(1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

### 2. Issue Preclusion (Collateral Estoppel)

■ The *Rains* court articulated the difference between the two concepts as follows:

The doctrine of collateral estoppel differs from res judicata in that, instead of preventing a second assertion of the same claim or cause of action, it prevents a second litigation of issues between the parties, even though a different claim or cause of action is asserted. *Seattle–First Nat'l Bank v. Kawachi,* 91 Wash.2d 223, 225–26, 588 P.2d 725 (1978). The Court of Appeals in *Seattle–First Nat'l Bank v. Cannon,* 26 Wash.App. 922, 927, 615 P.2d 1316 (1980) (quoting *Lucas v. Velikanje,* 2 Wash.App. 888, 894, 471 P.2d 103 (1970)) stated:

Affirmative answers must be given to the following questions before collateral estoppel is applicable:

(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?

*Rains v. State of Washington, et al.,* 100 Wash.2d at 665, 674 P.2d at 169.

■ The burden of persuasion on the application of either claim preclusion or issue preclusion doctrines is on the party that advocates the preclusive effect of the prior judgment. In this case that burden is on the trustee.

### 3. Application of Preclusion Principles

Linda Bays claims that she was not present at the dissolution trial because of illness. She had sought to have the trial continued, but was unsuccessful. The trial was conducted in her absence. The result was unfavorable to her. The court deter-

mined that David Bays had loaned Linda the $52,406.81 which paid off the balance on the Ferguson Contract. It also ruled that David's loan was secured by transfer to David of the seller's interest in the Real Estate Contract by the Fergusons. A subsequent deed by David to Linda in satisfaction of the contract was set aside and the Real Estate Contract was reinstated in David, with the balance owing on the contract of $69,038.36, including interest. Linda Bays challenged the dissolution court's Findings, Conclusions and Decree by post-trial motions, and when those motions were denied, by appeal. The trial court's decisions were affirmed on appeal.

Linda argues that the Ferguson Contract was paid off and therefore could not be forfeited. The trustee argues that Ms. Bays is precluded from taking that position by the dissolution decree. Linda Bays challenges the preclusive effect of the dissolution decree on jurisdictional grounds, that the trial was improperly conducted in her absence, and on the grounds that the question of pay off of the contract was not decided by the dissolution court.

a. *Jurisdiction of the Trial Judge*

■ Linda Bays contends that Judge Bastine, a Spokane County Superior Court Judge, was improperly assigned to hear the Pend Orielle County dissolution case and therefore had no jurisdiction to decide the case. This challenge to Judge Bastine's authority to hear the case was raised by Ms. Bays at the Court of Appeals. She lost on that issue and the Washington State Supreme Court denied her request for review of that decision. Ms. Bays cannot challenge that decision in this court. She is barred by both claim preclusion and issue preclusion.

b. *Denial of Trial Continuance*

■ The issue of whether the dissolution court erred when it denied Linda Bays' request for a continuance based on her ill health, was also a subject of her appeal. The Court of Appeals considered her argument and decided that the trial judge was within his reasonable discretion when he denied Ms. Bays' motion for a continuance. *In re Marriage of Bays,* 131 Wash.App. 1032, 2006 WL 281143 (2006). Ms. Bays is bound by the decision of the Court of Appeals on the issue of the propriety of the denial of the continuance. Ms. Bays cannot challenge that decision in this court. She is barred by both claim preclusion and issue preclusion.

c. *Was the Ferguson Contract Paid Off?*

■ The dissolution court found that the balance owed by Linda Bays on the Ferguson Contract was $69,038.36 plus interest from October 30, 2002.

Linda Bays disputes that finding in this court. It is her contention that the Ferguson Contract was paid in full. She contends that the money that she received from David Bays to pay off the Ferguson Contract was received in full payment and satisfaction of the money David Bays owed her for cleaning up his Ione residence. She explains the assignment to David of the vendor's interest in that contract, as a device used to protect the Kettle Falls property from judgment creditor John Troberg.

The record reflects that Linda Bays filed a document with the dissolution court just prior to the trial which articulates her position that the money received from David Bays which was used to pay off the Ferguson Contract was money David owed to her for cleaning up his Ione residence. FACTS ¶ 19. It is unclear whether Judge Bastine ever saw this pleading. If he did, his statement in his oral opinion at the conclusion of the dissolution trial is puzzling. FACTS ¶ 21. Ms. Bays' sworn statement filed with the dissolution court

on October 1, 2002, six days before the trial, arguably explains Ms. Bays' reference to work performed by her and how it would be applicable to the issues in the dissolution.

Likewise, David Bays' testimony at the dissolution trial, at least in the portion provided in the record before this court, suggests he understood he was getting a half-interest in the Kettle Falls property when he advanced the pay off funds. FACTS ¶ 20. This is at variance with the final decree, which reinstates the Ferguson Contract and grants David Bays a vendor's interest in same, and treats the money advance as a loan. Perhaps that inconsistency was explained in the balance of the dissolution trial record, but that has not been provided to this court.

Ms. Bays filed post-trial motions challenging the court's Findings, Conclusions and Decree. It is unclear what, if any, reference is made in those motions to her argument that the Ferguson Contract was paid off with money David owed her. That argument does not appear in Ms. Bays' appellant's brief filed with the Court of Appeals, nor is there mention of that argument in the Court of Appeal's decision affirming the rulings of the dissolution court. [AP # 137, pgs. 3–43; *In re Bays*, 131 Wash.App. 1032, 2006 WL 281143 (2006)]. It is uncertain from the record before us that she ever pursued this argument before the dissolution court beyond the October 1, 2002, pleadings or on appeal. One thing is certain however, she raised the issue prior to the dissolution trial.

■ The failure to pursue an issue raised, or which could have been raised, before the trial court and not pursued in the appeal of the trial court's decision is waived. Claim preclusion bars not only what was raised, but what could have been raised.

The general doctrine is that the plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.

*Sayward v. Thayer*, 9 Wash. 22 at 24, 36 P. 966 (1894). This is true even if the matter was decided by default rather than actually litigated. *Baskin v. Livers*, 181 Wash. 370, 43 P.2d 42 (1935). In the words of Professor Trautman:

Claim preclusion, or res judicata, precludes the relitigation of the same claim or cause of action. Unlike issue preclusion, which applies only to issues actually litigated, claim preclusion applies to what might, or should, have been litigated as well as to what was actually litigated, if all part of the same claim or cause of action.

60 Wash.L.Rev. at 813–14.

Here the parties' claims to the Kettle Falls property was actually litigated by the dissolution court, although in the absence of Ms. Bays. David Bays' claim to the Kettle Falls property was determined by the dissolution court, and that court's judgment was affirmed on appeal. The action by the trustee to forfeit the contract is essentially enforcement of the dissolution decree. Ms. Bays is precluded by the doctrine of claim preclusion from arguing there was nothing owed on the contract.

■ Even if the principle of claim preclusion was not applicable to these facts, the principle of issue preclusion would apply. The issue in the dissolution case, the status of Linda and David Bays' interest in the Kettle Falls property, is identical with the issue in this court.

There was a final judgment on the merits in the dissolution case and that judgment was affirmed on appeal.

David Bays' successor bankruptcy trustee is in privity with David Bays in this dispute. 11 U.S.C. § 541(a)(1). In fact, Joseph Esposito offered suggestions as to the form of the dissolution court's Findings, Conclusion and Decree.

Application of the doctrine of issue preclusion will not work an injustice on Linda Bays. It appears that she did raise the issue of payment for clean up of David's Ione residence as explanation for David's advance of funds to pay off the Ferguson Contract prior to the trial of the dissolution. If the dissolution court ignored her position, the issue was for her to raise in her post-trial motions and appeal. The bankruptcy court had granted stay relief so that the dissolution litigation could proceed and determine Linda and David's rights in the contested property, including the Kettle Falls residence. (DB # 51). The dissolution court did that, and its decision has been upheld on appeal. This court is under an obligation to afford the state court judgment full faith and credit. 28 U.S.C. § 1738. Affording issue preclusion effect to the judgment of the dissolution court, is consistent with the law of the State of Washington and with recent authority in the Ninth Circuit. *In re Lopez*, 367 B.R. 99 (9th Cir. BAP 2007).

Linda Bays is precluded from challenging the determination of the dissolution court that she owed David Bays $69,038.36 on the Ferguson Contract as of October 30, 2002, by application of both the doctrines of claim preclusion and issue preclusion.

### C. Compliance with Real Estate Contract Forfeiture Statute

Joseph Esposito, as trustee of the bankruptcy estate of David Bays, acted to enforce the Bays' dissolution decree by undertaking actions to forfeit Linda Bays' interest in the Ferguson Contract. He was acting as the seller under the contract. R.C.W. 61.30.010(9).

Linda Bays contends that Joseph Esposito did not comply with the terms of the Real Estate Contract Forfeiture Statute (R.C.W. 61.30.010–61.30.911) Therefore, she argues the contract as not forfeited.

The record reflects that after the Bays' dissolution decree had been entered, the trustee Joseph Esposito instituted contract forfeiture proceedings. In these proceedings, the trustee sought to forfeit Linda Bays' vendee's interest in the Ferguson Contract, which the dissolution decree had reinstated and awarded to David Bays. On July 11, 2003, the trustee filed a "Notice of Intent to Forfeit" with Stevens County and mailed copies of this notice to Linda Bays, Kelly Case and the Linjericks Society, among others. FACTS ¶ 27. This notice advises that the Ferguson Contract payments are in default and that if these defaults are not cured by October 20, 2003, the contract will be forfeited. [AP # 502, pgs. 12–13]. On October 15, 2003, "Linda Bays and the Overseer of the Linjericks Society Plaintiffs," filed a complaint with the Stevens County Superior Court seeking, among other things, an injunction against forfeiture of the Ferguson Contract pursuant to R.C.W. 61.30.110. [AP # 1, pg. 7] Joseph Esposito, trustee of David Bays' bankruptcy estate, one of the defendants, removed the matter to this court where it became this adversary proceeding. [AP # 1, pgs. 1–3].

On October 22, 2003, trustee Esposito filed a "Declaration of Forfeiture" with the Stevens County Auditor and mailed copies of the Declaration to Linda Bays, Kelly Case, and the Linjericks Society, among others. FACTS ¶ 30. This Declaration advised that interested parties have until December 29, 2003, to commence an action

to set aside the forfeiture. [AP # 502, pgs. 22–23].

On December 19, 2003, "Linda Bays and THE OVERSEER OF THE LINJER-ICKS SOCIETY, A CORPORATION SOLE, plaintiffs" filed a "COMPLAINT TO SET ASIDE FORFEITURE AND FOR DAMAGES" in Stevens County Superior Court. [AP # 793-3, pgs. 2–23]. As grounds for setting aside the forfeiture, Linda Bays asserts that she had paid off the contract. The complaint names neither Joseph Esposito nor the bankruptcy estate of David Bays as defendants nor were they served with process. FACTS ¶ 31.

On December 10, 2008, Linda Bays filed an "Amended Complaint to Set Aside Forfeiture, for Fraud, for Due Process Violations, for Equal Protection Violations, for First Amended Violation and for Damages" in Stevens County Superior Court, Cause No.2003-200-6333. [AP II # 4, pgs. 11–25]. This Amended Complaint adds Kelly Case as a plaintiff and, among others, Joseph Esposito, personally and as trustee of David Bays' bankruptcy estate, defendants. This Amended Complaint was filed in the Linda Bays' December 19, 2003, action to set aside the forfeiture. On December 15, 2008, Linda Bays removed Stevens County case No. 2003-200-6333 to this court. [AP II # 1].

Based on the above-mentioned litany of events, Linda Bays argues that the trustee was unsuccessful in his attempt to forfeit the Ferguson Contract.

Linda Bays does not challenge that the required Notice of Intent and Declaration of Forfeiture were appropriately filed with the Stevens County Auditor and served on her by mail.

 She initiated a lawsuit on October 15, 2003, in Stevens County to enjoin the trustee from filing a Declaration of Forfeiture. This lawsuit was filed prior to October 20, 2003, the date set in the Notice of Intent and thus timely under the statute. R.C.W. 61.30.110(2). However, Linda Bays never obtained a restraining order to prevent the filing of the Declaration of Forfeiture. "... [T]he commencement of the action shall not of itself extend the time for cure." R.C.W. 61.30.110(2). Therefore, the trustee was not prohibited from filing the Declaration of Forfeiture on October 22, 2003.

 Upon the filing of the Declaration of Forfeiture, a new time line becomes applicable. Parties seeking to set aside the forfeiture must both file a complaint to set aside the forfeiture and serve it within sixty days of the time the Notice of Forfeiture was recorded. R.C.W. 61.30.140(2). The Declaration of Forfeiture filed by the trustee on October 22, 2003, and mailed to Linda Bays sets the time in which the suit to set aside the forfeiture must be brought as December 29, 2003. Linda Bays met that time line by filing her complaint to set aside the forfeiture with the Stevens County Superior Court on December 19, 2003. The record before this case does not reflect whether service of the required summons and complaint on the defendants named in that complaint was made within the time line as outlined in the statute. R.C.W. 16.30.140(2). The record does reveal, however, that Joseph Esposito, trustee of the David Bays' bankruptcy estate, was neither named as a party defendant nor served within the statutory time line. FACTS ¶ 31. Since the trustee was the one who initiated the forfeiture of the contract and filed the Declaration of Forfeiture, the bankruptcy estate would be the beneficiary of the forfeiture. The trustee was an absolute necessary party to a suit to set aside the forfeiture. Ms. Bays has tendered no explanation which would excuse these omissions on her part. The amending of the complaint nearly five years later to add the trustee as a party

defendant does not solve the problem. Ms. Bays did not timely seek to set aside the forfeiture as to the trustee and is barred from doing so now.

■ Ms. Bays' next challenge to the forfeiture process turns on an unresolved question of fact, whether the trustee gave appropriate notice of the intended forfeiture to Kelly Case. Kelly Case alleges that the address the forfeiture notices were sent to was not his address, that he did not reside there at the time the notices were given and, therefore, the forfeiture process fails as to him. If Mr. Case prevailed on the issue of improper notice, his interest was not forfeited. The seller would then be required to proceed under the terms of R.C.W. 61.30.080(3) to seek a court order to allow forfeiture and would be required to join and serve all the other parties which were given the required notices. It appears that process allows the trial court some discretion in fashioning appropriate relief to fit the circumstances.

Ms. Bays argues that if Kelly Case was not properly given notice then the forfeiture is void as to her. The statute specifically requires that notice be given to "the last holder of record of a purchaser's interest." Failure to comply with this provision renders the forfeiture void. R.C.W. 61.30.040(1). Assuming that Kelly Case did not receive appropriate notice in the forfeiture proceeding and he held a purchaser's interest in the Kettle Falls property, then the trustee's attempts to forfeit would be for naught.

The Quit Claim Deed by which Kelly Case obtained an interest in the Kettle Falls property was given as security for a loan of money. FACTS ¶ 15. The definition of this term "purchaser" in the forfeiture statute provides, "However, 'purchaser' does not include an assignee or any other person whose only interest or claim is in the nature of a lien or other security interest." R.C.W. 61.30.010(7). By defini-

tion, Kelly Case did not hold a "purchaser interest" in the Kettle Falls property. Therefore, the failure to give him appropriate notice of the forfeiture would not "void" the forfeiture pursuant to the terms of R.C.W. 61.30.040(1). Rather for a holder of a security interest given insufficient notice, the remedy would be pursuant to R.C.W. 61.30.080(3), which allows the court to fashion a remedy appropriate for the circumstances. In such a court action, all parties entitled to the required notice must be joined as parties. Although the court may decide to set aside the forfeiture in that proceeding, R.C.W. 61.30.080(3) does not have the mandatory language of R.C.W. 61.30.040(1), which requires voiding the forfeiture if a purchaser is not properly noticed.

Thus, even if Kelly Case was not given the required notices, that fact in itself would not render the entire contract forfeiture procedure void and reinstate Linda Bays' interest. Rather, it would depend on what remedy, if any, was available to Kelly Case.

## II. *KELLY CASE VS. TRUSTEE AND DAVID BAYS*

■ The court now turns to the question of what interest, if any, Kelly Case has in the Kettle Falls property.

Kelly Case and Linda Bays entered into a "Loan Contract" dated November 27, 2000, whereby Kelly Case agreed to loan money to Linda Bays. Linda Bays agreed to give Kelly Case a Quit Claim Deed as security for repayment on her Kettle Falls residence. [AP # 686–3, pgs. 2–3]. On the same date, Linda Bays executed a "Quit–Claim Deed" to Kelly Case. [AP 686–4, pg. 2]. FACTS ¶ 15. Kelly Case recorded this "Quit–Claim Deed" on August 7, 2001. FACTS ¶ 18. On July 11, 2003, Joseph Esposito, then trustee of David Bays' bankruptcy estate, had a "No-

tice of Intent to Forfeit" mailed to Kelly Case and addressed to "Kelly Case, P.O. Box 301, Kettle Falls, WA 99141." FACTS ¶ 27. Kelly Case disputes that was his correct address at the time. On September 26, 2003, Linda Bays obtained a cashier's check in the sum of $2,400.00 payable to Kelly Case. [AP # 686-5, pg. 2]. This cashier's check bore the handwritten words "contract dated November 2000 paid in full + extra money ...." Kelly Case, after first obtaining legal advice, cashed this check and took the money. FACTS ¶ 28. At the time Kelly Case took the money tendered by Linda Bays, he understood it was being tendered to him in complete satisfaction of all obligations owed by Linda Bays on the contract. [AP # 686-2, pg. 9; Dep., pg. 28, ln. 9 thru Dep., pg. 30, ln. 1]. By accepting that money under those terms, Linda Bays' obligation to Kelly Case on the Loan Contract secured by the Quit–Claim Deed was paid in full. Upon acceptance of that money, there was no debt secured by the Quit–Claim Deed/Mortgage. With no debt to secure, there was no longer a mortgage.

If Kelly Case received the Notice of Intent to Forfeit and the Declaration of Forfeiture, this fact would explain why he didn't seek to join his mother's lawsuit to enjoin the forfeiture or in her lawsuit to set aside the forfeiture. If he was properly noticed, this failure would bar his attempts to challenge the forfeiture at a later time. Being added by amendment as a plaintiff to the injunction suit and in the suit to set aside the forfeiture would be time barred pursuant to the terms of the statute. R.C.W. 61.30.110; R.C.W. 61.30.140.

Even if the court was to conclude that the notices sent to Kelly Case were defective pursuant to the statute, he would have no remedy under R.C.W. 61.30.080(3). His mortgage on the property having been paid off prior to the Declaration of Forfei-ture, he would have no standing to challenge the forfeiture.

Whether Kelly Case received appropriate notice of the foreclosure proceedings or not, he is barred from challenging this forfeiture.

## III. CONCLUSION

### A. As to Linda Bays

Linda Bays seeks in her complaint to quiet title in the Kettle Falls property and to clear that property of the claims of the David Bays' bankruptcy estate and David Bays. To do this, she must challenge the Findings of Fact, Conclusions of Law and Decree entered in the Bays' dissolution and affirmed on appeal by arguing that the Ferguson Contract had been paid in full and that nothing was owed on it to David Bays. Linda Bays is precluded from making that argument by both the doctrine of claim preclusion (res judicata) and issue preclusion (collateral estoppel).

Ms. Bays also challenges the trustee's forfeiture of her interest in the Ferguson Contract. The essence of that challenge is her claim that nothing was owed on the contract, which argument is precluded as a result of the dissolution decree. However, she also asserts a number of other procedural challenges to the forfeiture. She sought to enjoin the forfeiture, but she did not obtain an injunction before the Declaration of Forfeiture was filed. She also sought to set aside the forfeiture, but failed to name or serve the forfeiting trustee in the time frame required by the forfeiture statute. She is therefore barred from challenging the forfeiture in her own capacity.

Linda Bays also seeks to set aside the forfeiture on the grounds that Kelly Case was not properly noticed in the forfeiture proceeding and therefore the whole process is void. Even if Kelly Case was not

882

properly noticed, a fact that the trustee disputes, that would not in itself void the forfeiture of Linda Bays' interest in the contract. Rather, the matter would come before the court for fashioning of an appropriate remedy under the circumstances. Although Linda Bays would be entitled to being joined in that proceeding, she would still be precluded from asserting in her own behalf that there was nothing owing on the contract.

### B. *As to Kelly Case*

The evidence reflects that Kelly Case's interest in the Kettle Falls property was based on a Quit Claim Deed given to him by his mother Linda Bays as security for a loan. The evidence also reflects that Linda Bays tendered payment in full satisfaction of that loan and that Kelly Case accepted that payment. As a result, nothing was owed to Kelly Case on the obligation secured by the Quit Claim Deed. He therefore had no personal interest in the Kettle Falls property and therefore was not entitled to notice in the forfeiture proceeding and has no standing to challenge the forfeiture, whether he received appropriate notice or not.

### C. *Judgment Should Be Entered*

A judgment should be entered quieting title in the Kettle Falls property in Tony Grabicki, trustee of David Bays' bankruptcy estate, and confirming that the interests of Linda Bays and Kelly Case in that property have been forfeited.

The court having herewith resolved these claims and issues, and they being the only matters remaining unresolved in this adversary proceeding, the judgment entered in this case shall be the final judgment in this adversary proceeding.

### APPENDIX

### REFERENCE CODE

| | |
|---|---|
| [AP # ___] | Adversary Proceeding No. 03–00237—Docket No. |
| [AP II # ___] | Adversary Proceeding No. 08–80140, Docket No. |
| [DB # ___] | David Bays Bankruptcy Case, No. 01–05127, Docket No. |
| [LB # ___] | Linda Bays Bankruptcy Case, No. 02–07687, Docket No. |
| FACTS ¶ ___ | The indicated paragraph in the FACTS section of this decision |